## HENRY HEIBEL v. UNITED STATES AIR CONDITIONING CORPORATION.[1]

November 17, 1939.

No. 32,178.

*Louis Sachs* and *Harry Kopald,* for appellant.
*Louis H. Joss* and *Walter A. Schweppe,* for respondent.

STONE, JUSTICE.

Action, in rescission, for breach of warranty of air-cooling equipment installed by defendant in plaintiff's restaurant. Defendant counterclaimed for a balance of the price. After findings of fact, conclusions of law, and order for judgment for plaintiff, defendant appeals from the order denying its alternative motion for amended findings or a new trial.

Defendant makes and installs air-cooling units. In March, 1935, it contracted to put one into plaintiff's Chicago restaurant. It warranted that the equipment would reduce inside temperature a certain number of degrees below that outside. The unit was installed during the spring and summer of 1935. On the price plain-

[1]Reported in 288 N. W. 393.

tiff made a down payment of $571.35, which he seeks to recover herein.

During the early summer of 1935 the mechanism did not fulfill the warranty. Until August 22, defendant's engineers tried to remedy the defects. Not until March, 1936, did plaintiff give notice of rescission and request defendant to remove its equipment and refund the money paid. Defendant did remove the equipment, but without prejudice to its rights under the contract.

There is a finding of breach of warranty but none that it had been remedied in August, 1935.

This appeal is based upon two grounds: (1) That tender of rescission was not timely, and (2) that the evidence is insufficient to sustain a finding that the breach of warranty continued after August 22, 1935.

The uniform sales act, § 69(3), 2 Mason Minn. St. 1927, § 8443(3), provides:

"Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods, or if he fails to notify the seller within a reasonable time of the election to rescind, * * *."

That the unit first installed was defective is admitted. The seller's agents worked during the early summer of 1935 to remedy the defects. While the seller is engaged in such an effort, "the reasonable time within which the buyer could rescind" does not run. Federal M. T. Sales Corp. v. Shanus, 190 Minn. 5, 250 N. W. 713. But here the seller had completed his remedial work by August 22, 1935. If defect there was, it existed at that time. Nevertheless, the record reveals no attempt by plaintiff to rescind until eight months later. Such delay is unreasonable as matter of law. Stewart v. B. R. Menzel & Co. 181 Minn. 347, 232 N. W. 522; Holcomb & Hoke Mfg. Co. v. Osterberg, 181 Minn. 547, 233 N. W. 302, 72 A. L. R. 722; Laundry Service Co. v. Fidelity L. M. & E. Co. Inc. 187 Minn. 180, 245 N. W. 36. Plaintiff's attempt to rescind came too late to be effective.

Plaintiff asserts that as early as October, 1935, he demanded return of his money. However, the record discloses that his only demand related to a pump which plaintiff had purchased at defendant's request and which was installed to make the equipment function more effectively. Plaintiff's claim then did not even suggest rescission.

■ This decision is the trail's end for plaintiff's attempt to rescind. But we cannot order judgment for defendant on its counterclaim for unpaid purchase price. That is because rescission is but one of the buyer's remedies for breach of warranty. See 2 Mason Minn. St. 1927, § 8443. His unsuccessful attempt to rescind is not such an election of remedies as to bar any other. Holcomb & Hoke Mfg. Co. v. Osterberg, 181 Minn. 547, 233 N. W. 302, 72 A. L. R. 722. Such a frustrated attempt to pursue a wrong remedy is not an election which will bar one otherwise right. In re Van Norman, 41 Minn. 494, 43 N. W. 334; Ross v. Amiret Farmers Elev. Co. 178 Minn. 93, 226 N. W. 417.

The order must be reversed and the case remanded for the trial of issues other than that of rescission.

So ordered.