248 A.2d 778.
EVELYN SAN ANTONIO *vs.* WARWICK CLUB
GINGER ALE CO., INC.
EVELYN SAN ANTONIO *vs.* CASIMO SARDIELLO,
*d/b/a* BOULEVARD SPA.

DECEMBER 20, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. These are two civil actions commenced by the plaintiff to recover damages for an injury to her hand, incurred while opening a bottle of soda water. The cases were consolidated for trial to a superior court justice, sitting with a jury, and are before this court on the plaintiff's appeals from judgments entered for the defendant in each case.

The facts are not in dispute. They establish that on January 14, 1962, plaintiff purchased a carton of six seven-ounce bottles of soda water from defendant Sardiello, d/b/a Boulevard Spa, hereinafter called "Boulevard." The soda water was bottled and distributed by defendant Warwick Club Ginger Ale Co., Inc., hereinafter called "Warwick."

The plaintiff selected the carton from Boulevard's shelves, carried it out to her car, and drove to her home.

It is material to note that plaintiff had just moved and this was the first day in her new home. She carried the carton from the car into her kitchen where she placed it on a counter. Her mother and sister were there to help her get settled.

There was a bottle opener attached to the kitchen wall and shortly after arriving home with her purchase, plaintiff picked up one of the soda bottles and proceeded to open it, using the wall opener. She had never used this opener before, but the type was not unknown to her. Holding the bottle in her right hand, close to the bottom, she inserted the top in the opener and applied pressure. Thereupon the bottle broke in her hand, as she testified, "on the diagonal." She further testified that she could not recall how the bottle "seated itself" in the opener. The broken bottle was thrown away by plaintiff's mother on the day of the accident; hence, not available as evidence.

In any event, plaintiff's hand was severely lacerated, requiring immediate attention at the Rhode Island Hospital emergency room where she was taken by the rescue squad. Four stiches were necessary to close the skin. There were three further visits to the physician who changed the dressings, removed stitches and discovered damage to the digital nerve of the thumb. This affected the use of her hand, and in May 1962, she consulted Dr. Richard P. Sexton, a qualified surgeon, who prescribed a course of treatment. Later, in February 1964, plaintiff's symptoms were such that Dr. Sexton concluded surgery was advisable, "to explore the nerve and repair it." The surgery was performed and plaintiff sustained some loss of earnings, medical expenses and pain and suffering.

Meanwhile, on September 17, 1962, plaintiff had commenced the instant action against Warwick by filing a writ of summons in an action of trespass on the case for negligence. It was not until February 4, 1964, that she com-

menced an action against Boulevard and then by filing a writ of summons in an action of assumpsit. We note, parenthetically, that both actions were brought conformable to the practice prevailing prior to January 10, 1966, on which date current practice became effective. Consistent with the practice then prevailing, plaintiff filed a declaration in each case.

In the assumpsit action against Boulevard the declaration, filed February 4, 1964, was in three counts alleging a breach of the implied warranty of fitness for particular purpose and/or merchantability as provided in G. L. 1956, §6A-2-315, §6A-2-314, subsections (1) and (2)(c) and §6A-2-314, subsection (3) respectively.

Boulevard pleaded specially that plaintiff could not recover on any of said counts, having failed to give reasonable notice of said breach, as required by §6A-2-607.

In her action of case for negligence brought against Warwick, plaintiff on September 17, 1962, filed a single count declaration to which defendant seasonably demurred. There then followed successive amended declarations and demurrers thereto, but the substance of these pleadings is without materiality here by reason of the posture in which the case comes to us on appeal. Suffice it to note that December 17, 1965, Warwick's demurrer to plaintiff's third amended declaration was overruled and Warwick answered joining issue.

On January 5, 1967, at which time the now prevailing superior court rules of civil procedure were applicable, the cases were consolidated for trial, pursuant to rule 42(a) of the superior court rules of civil procedure. They were tried to a superior court justice sitting with a jury, starting May 11, 1967, at which time plaintiff moved to amend her complaint in each case. In her action against Boulevard she was permitted to add an alleged breach of the implied warranty contained in §6A-2-314 (2)(e). Again,

in the view we take of plaintiff's appeal in her action against Boulevard, no worthwhile purpose would be served in setting forth the provisions of the several sections of chap. 2 of title 6A on which plaintiff relies. It is sufficient to note that Boulevard's special plea of lack of reasonable notice was made applicable to plaintiff's claim as amended.

With regard to her action against Warwick, plaintiff was permitted to add to her claim for negligence all the counts for alleged breach of implied warranty on which she relied in her action against Boulevard. The plaintiff's claim against Warwick having been thus amended, Warwick was also permitted to plead lack of reasonable notice.

After plaintiff had rested as to liability in both cases, each defendant moved for a directed verdict, pursuant to rule 50 of said superior court rules. Boulevard based its motion on the evidence adduced by plaintiff, that although written notice of the alleged breach of an implied warranty had been given to Warwick in May of 1962, some four months after the incident for which plaintiff sued, it, Boulevard, was not informed until some eight months thereafter, and then only informally by plaintiff's counsel. It was Boulevard's contention that, absent some explanation for the delay, failure to give notice for approximately a year constituted lack of notice within a reasonable time as a matter of law.

Warwick based its motion for a directed verdict as to the alleged breach of an implied warranty on the grounds that it too had not received notice within a reasonable time as a matter of law. With regard to plaintiff's claim of negligence, however, Warwick's motion was premised on the classic ground that, viewed in the light most favorable to plaintiff, there was no evidence or reasonable inference to be drawn therefrom, competent to support a jury's verdict in her favor.

The trial justice decided that the question of whether no-

tice had been given to Warwick within a reasonable time was one of fact to be submitted to the jury. He did, however, grant Boulevard's motion, ruling that under the circumstances notice not given for a year was not notice given within a reasonable time as a matter of law. Further, he granted Warwick's motion as it related to the negligence counts. The arguments on defendants' motions and the trial justice's rulings thereon were of course made in the absence of the jury.

On their return, the trial justice advised the jury that the case against Boulevard was no longer before them and that the case against Warwick was now limited to plaintiff's action for an alleged breach of an implied warranty. The plaintiff registered no objection to this instruction but she did cause to be recorded her objections to the granting of each defendant's motion for a directed verdict.

The case against Warwick for alleged breach of an implied warranty then proceeded, defendant calling as witnesses Casimo Sardiello, who, d/b/a Boulevard Spa, was defendant in the other case; Warwick's vice-president, Frank B. Baker, and a police clerk named Earl C. Anderson. The first two had testified for plaintiff, who called them as adverse witnesses under the statute.

Only the testimony of witness Baker is relevant to the instant appeal and then only tangentially, as will hereinafter appear. He testified as to the degree and nature of care that Warwick exercised in preventing defective bottles from reaching the hands of the consuming public.

After the parties had rested, the trial justice instructed the jury and so doing granted all of plaintiff's requested instructions. However, he also charged, "The mere fact that a glass bottle of club soda broke while the plaintiff was opening it is not, in and of itself, sufficient to establish any breach of warranty on the part of the Warwick Club Ginger Ale Company, Incorporated."

The plaintiff objected to this latter instruction, her position being that it was contrary to an instruction previously given, as requested by her, thus misleading the jury, and therefore prejudicial.

The jury returned a verdict for defendant Warwick, judgment entered accordingly and plaintiff seasonably appealed that judgment to this court which, with her appeal from the judgment for Boulevard, was consolidated for argument here. In support of these appeals she relies on three reasons, namely, that the court erred: in granting Boulevard's motion for a directed verdict on the issue of reasonable notice; in granting Warwick's motion for a directed verdict on the negligence counts; and in instructing the jury that "The mere fact that a glass bottle of club soda broke while the plaintiff was opening it is not, in and of itself, sufficient to establish any breach of warranty on the part of the Warwick Club Ginger Ale Company, Incorporated."

We shall consider her contentions with regard to these reasons in the order heretofore stated.

First then, as to the granting of Boulevard's motion for a directed verdict, we are called upon to consider the validity of the trial justice's decision that plaintiff's failure to give notice for approximately one year after the alleged breach, under the circumstances, amounted to a lack of notice within a reasonable time as a matter of law. In reaching his decision, the trial justice cited §6A-2-607 (3)(a) which provides: "* * * the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." So doing, he noted, albeit inferentially, the relationship of the section relied on to that of G. L. 1923, chap. 307, sec. 9, formerly the uniform sales act, and cited

*inter alia, Patterson F. & M. Co.* v. *C. S. Williams L. Co.,* 52 R. I. 149, 158 A. 721.[1]

In that case this court held that the trial justice was warranted in finding that notice of an alleged breach not given for some six months was not the notice within a reasonable time required by the statute. The instant plaintiff argues, in effect, that *Patterson* being a jury-waived trial, supports her contention that the timeliness of notice is a question of fact which in a jury-tried case must be submitted to the jury. In support of this contention she relies heavily, if not exclusively, on *Pritchard* v. *Liggett & Myers Tobacco Co.,* 295 F.2d 292.

There, plaintiff did not give notice for some ten months. The trial justice granted defendant's motion for a directed verdict and the circuit court of appeals reversed. Involved in defendant's motion there, was also the question of causation, as well as the sufficiency and reasonableness as to time of plaintiff's notice. The court held that in an action for an alleged breach of an implied warranty of fitness and/or merchantability, causation between breach and injury as well as the sufficiency of the notice given, and the reasonableness of the time within which it was given were all, ordinarily, questions of fact for the jury. All three factors were involved in *Pritchard* and the court held that on the evidence adduced by plaintiff each factor could have been decided favorably to plaintiff by the jury.

---

[1]G. L. 1923, chap. 307, sec. 9, on which *Patterson* was decided, provided: "In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fail to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor." It succeeded P. L. 1908, chap. 1548, sec. 49, enacted as the uniform sales act. Said sec. 49, according to the editor's notes, was the precursor to §6A-2-607 (3) (a), the applicable section in the case at bar.

Speaking of the ten-month interval between plaintiff's allegation of breach and giving of notice, the court discussed the peculiar circumstances of the case which would have warranted the jury in finding that a ten-month delay was not unreasonable, saying at page 298, "Where more than one inference may be drawn from undisputed facts, or the facts are disputed, the timeliness and sufficiency of a notice of breach of warranty are questions for the jury to resolve."

In the case at bar the facts are undisputed. They establish that although written notice of the alleged breach was given to Warwick some four months after the breaking of the bottle, defendant Boulevard was not informed until some eight months later and then informally. We think that the undisputed facts here are such that fairminded men could draw but one inference, namely that the notice given to Boulevard was not given within the reasonable time contemplated by §6A-2-607 (3)(a).[2] See *Ponticelli* v. *Mine Safety Appliance Co.*, 104 R. I. 549, 247 A.2d 303.

We next consider plaintiff's contention that the trial justice erred in granting defendant Warwick's motion for a directed verdict on the negligence counts. It is premised on the testimony of Warwick's vice-president Baker regarding the procedures used by Warwick in the inspection and handling of bottles, which procedures, Baker testified,

---

[2]Although the question of reasonable time in which to give notice of a breach of warranty is ordinarily a question of fact, where the facts are undisputed, and but one inference can be drawn therefrom as to reasonableness, the question becomes one for the court. *Necho Coal Co.* v. *Denise Coal Co.*, 387 Pa. 567, 128 A.2d 771. In the following cases failure to give notice in less than one year, absent some explanation by the plaintiff, was held to be unreasonable as a matter of law: *Necho Coal Co., supra; Heibel* v. *United States Air Conditioning Corp.*, 206 Minn. 288, 288 N. W. 393; *Hazelton* v. *First National Stores, Inc.*, 88 N. H. 409, 190 A. 280; *United States* v. *American Radiator & Standard Sanitary Corp.*, 115 F. Supp. 422 (D. Minn.); *Barlow* v. *DeVilbiss Co.*, 214 F. Supp. 540 (E.D.Wis.); *Ingle* v. *Marked Tree Equipment Co.*, Ark. , 428 S. W.2d 286; *Western Feed Co.* v. *Heidloff*, 230 Ore. 324, 370 P.2d 612.

were designed to protect purchasers against obvious or latent defects. Baker's testimony, plaintiff argues, was susceptible of a reasonable inference that the procedures used were so inadequate as to constitute negligence.

It is unnecessary to review the testimony on which plaintiff relies. Suffice it to observe that all such testimony was adduced by Warwick in its case on the breach of implied warranty counts, going to the question of causation. At the time plaintiff rested her cases on the issue of liability there was no evidence whatsoever from which the jury could have found or reasonably inferred negligence, and it was on the record then before him that the trial justice granted the motion for a directed verdict on the negligence counts. His decision in this regard was therefore correct. *Hulton* v. *Phaneuf*, 85 R. I. 406, 410, 132 A.2d 85, 88; *Redding* v. *Picard Motor Sales, Inc.*, 102 R. I. 239, 248, 229 A.2d 762, 768.

Finally, we turn to plaintiff's contention that in her action for breach of implied warranty against Warwick, the trial justice confused the jury by giving them conflicting instructions. She had requested and the trial justice so instructed that, "If you find that after the bottle left the control of the defendant, Warwick Club Ginger Ale, it was handled in a normal way and not abused, then you may consider that fact on the question as to whether or not when the bottle broke in Mrs. San Antonio's hand, it broke because it was defective, or why the bottle broke as it did." Further on in his charge the trial justice instructed as follows: "The mere fact that a glass bottle of club soda broke while the plaintiff was opening it is not, in and of itself, sufficient to establish any breach of warranty on the part of the Warwick Club Ginger Ale Company, Incorporated."

This latter instruction, plaintiff, argues, is a flat contradiction of the earlier instruction that if the bottle had been handled in a normal way, and not abused after it left War-

wick's control, such finding could be considered as evidence that the bottle was defective when placed in commerce by Warwick. We do not perceive any contradiction. Both charges correctly instructed the jury as to how they were to exercise their fact-finding prerogative. If, pursuant to the instruction requested by the plaintiff, the jury found from *all* the evidence that the bottle had been "handled in a normal way and not abused" after it left Warwick's control, they would, of course, have been warranted in finding that it was defective when placed in the stream of commerce by Warwick. But, they were duty-bound to consider all the evidence regarding the handling of the bottle after it left Warwick's control, and the mere fact that the bottle broke would not be, in light of all the evidence, "* * * in and of itself, sufficient to establish any breach of warranty on the part of Warwick Club Ginger Ale Company, Incorporated."

For the reasons stated we conclude that the plaintiff's appeals should be dismissed and judgment in each case affirmed.

*Edward Bromage, Jr., Henry M. Swan,* for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Thomas D. Gidley* (for Warwick Club Ginger Ale Co., Inc.); *Jordan, Hanson & Curran, A. Lauriston Parks* (for Casimo Sardiello, d/b/a Boulevard Spa), for defendants.