Betty LEEPER, Appellant,

v.

Harold B. BANKS, d/b/a Banks Wonder Market, Appellee.

Court of Appeals of Kentucky.

Oct. 20, 1972.

___

---

Tyler C. Bourne, Bourne & Alexander, Paducah, for appellant.

Burke B. Terrell, Terrell, Schultzman & Hardy, Paducah, for appellee.

EDWARD P. HILL, Jr., Justice.

This is an appeal from an order granting a summary judgment to appellee in appellant's civil action for damages based upon a charge of breach of an implied warranty on a can of starch sold by the appellee to appellant on November 30, 1967.

The lone question presented in appellant's brief is "whether a purchaser of a packaged item from a retail grocer is barred from recovery for a claim of alleged breach of warranty under Section KRS 355.2–607 because the purchaser did not notify grocer until civil action was filed which was about a year after said purchaser discovered alleged breach of warranty." This action was filed against the appellee, a retail merchant, not against the manufacturer of the product. Under the provisions of KRS 355.2–607(3)(a), "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

 " 'Buyer' means a person who buys or contracts to buy goods"; and " 'seller' means a person who sells or contracts to sell goods." KRS 355.2–103(1) (a) and (d). We conclude that the appellant was a "buyer" within the meaning of the foregoing statute and that the retailer was a "seller." It was, therefore, incumbent upon appellant to give notice to appellee within a reasonable time after she discovered the alleged breach of the implied warranty if she intended to sue him. She did not do this. See San Antonio v. Warwick Club Ginger Ale Co., 104 R.I. 700, 248 A.2d 778. She admitted her claimed injuries were received on January 30, 1968. Her suit was not filed until January 29, 1969. Appellant gave no notice to the appellee of her claim for breach of warranty although she did notify the manufacturer, Colgate-Palmolive Company, on April 4, 1968. But such notice did not satisfy the requirement of KRS 355.2–607 insofar as an action solely against the retailer was

concerned. Her failure to give reasonable notice to the appellee barred her suit for damages, and summary judgment was proper.

The judgment is affirmed.

All concur.