MICHIGAN SUGAR COMPANY v JEBAVY-SORENSON ORCHARD
COMPANY

1. APPEAL AND ERROR—TRIAL COURT—FINDINGS OF FACT—COURT
   RULES.

   A trial court's finding of fact will not be reversed on appeal
   unless clearly erroneous (GCR 1963, 517.1).

2. SALES—IMPLIED WARRANTY OF MERCHANTABILITY—INSPECTION—AC-
   CEPTANCE OF GOODS—STATUTES.

   An inspection of goods by the buyer does not exclude the implied
   warranty of merchantability as to a defect which the inspection
   revealed where the inspection occurred after the buyer's accept-
   ance (MCLA 440.2316[3] [b]; MSA 19.2316[3] [b]).

3. SALES—DEFECTIVE GOODS—REJECTION OF GOODS—FOREIGN MATTER
   —DAMAGES—STATUTES.

   A food processor cannot recover lost profits from its supplier of
   sugar, after a customer of the food processor has rejected many
   of the diced frozen apples he had contracted to buy, where the
   food processor knew the sugar contained pan scale and he knew
   or should have known that the apples would be rejected if they
   contained any foreign matter (MCLA 440.2715[2] [a]; MSA
   19.2715[2] [a]).

4. SALES—DEFECTIVE GOODS—REMEDIES—NOTIFICATION OF BREACH—
   COMMERCIALLY REASONABLE TIME—STATUTES.

   A buyer of defective sugar was barred from any remedy because
   he failed to notify the seller of the breach within a commer-
   cially reasonable time where the buyer discovered pan scale in
   800 bags of sugar in November, 1969, and although he had 68
   bags exchanged, the buyer did not notify the seller that the
   remaining 732 bags were defective until May, 1971, after the
   buyer had used the sugar in a food product (MCLA
   440.2607[3] [a]; MSA 19.2607[3] [a]).

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 76.
[2] 67 Am Jur 2d, Sales §§ 494, 497, 498.
[3] 67 Am Jur 2d, Sales §§ 594–704.
[4] 67 Am Jur 2d, Sales § 754.

Appeal from Mason, Charles A. Wickens, J. Submitted December 3, 1975, at Grand Rapids. (Docket No. 22856.) Decided January 8, 1976. Leave to appeal denied, 396 Mich —.

Complaint by Michigan Sugar Company against Jebavy-Sorenson Orchard Company to collect the purchase price of sugar supplied to defendant. Counterclaim by defendant for damages for breach of an implied warranty. Partial summary judgment for plaintiff on its claim. Judgment for defendant on the counterclaim. Plaintiff appeals. Reversed and remanded.

*Gillett & Carpenter,* for plaintiff.

*John E. Hart,* for defendant.

Before: DANHOF, P. J., and QUINN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Michigan Sugar Company instituted an action to collect several outstanding invoices for sugar that it supplied Jebavy-Sorenson Orchard Company. Jebavy-Sorenson filed a counterclaim claiming a breach of an implied warranty. MCLA 440.2314; MSA 19.2314, MCLA 440.2315; MSA 19.2315. A partial summary judgment was granted Michigan Sugar as to its claim and the matter proceeded to trial on Jebavy-Sorenson's counterclaim. Following a bench trial the trial court granted Jebavy-Sorenson a judgment on its counterclaim. It is from this judgment that Michigan Sugar appeals as of right.

In its counterclaim Jebavy-Sorenson alleged that Michigan Sugar furnished it with defective sugar on two occasions in November, 1969. At the time Jebavy-Sorenson was processing frozen diced apples in accordance with a contract it had with the

Joseph Campbell Co. Of the 800 bags that Michigan Sugar furnished in the two shipments, Jebavy-Sorenson returned 68 bags to Michigan Sugar because there was excessive "pan scale" in the bags. These 68 bags were replaced by Michigan Sugar. The balance of the shipments, including the exchanged 68 bags, were used to pack the apples for Campbell's. Jebavy-Sorenson's inspectors noticed some "pan scale" in the remaining 732 bags but Jebavy-Sorenson used these bags anyway.

After Jebavy-Sorenson had completed packing the apples for Campbell's they were stored in cold storage and Jebavy-Sorenson was paid by Campbell's on the issuance of a warehouse receipt. In the spring of 1971 Campbell began using these frozen apples. Because of their extremely high standards, much higher than the industry standards, Campbell's rejected many pallets of frozen apples. It rejected a pallet when its inspectors found specks of what later proved to be "pan scale" in one of 64 tins on the pallet. After rejecting the frozen apples Campbell's billed back Jebavy-Sorenson. During the course of the next three years Jebavy-Sorenson sold these frozen apples at a great loss.

Since the trial court was sitting as the finder of fact we only review the trial court's judgment to determine if it was clearly erroneous. GCR 1963, 517.1. *Goodwin, Inc v Orson E Coe Pontiac, Inc,* 392 Mich 195, 217; 220 NW2d 664 (1974). In its opinion the trial court found that Michigan Sugar breached an implied warranty of merchantability, MCLA 440.2314; MSA 19.2314, by furnishing Jebavy-Sorenson sugar containing "pan scale". The trial court further stated that Jebavy-Sorenson could not have readily discovered the "pan scale" in the sugar that it did use. Impliedly the trial

court also found that Jebavy-Sorenson was not required to notify Michigan Sugar of the breach of the implied warranties until it learned of the rejection of the diced frozen apples by Campbell's in May, 1971.

Having determined that Michigan Sugar had breached its implied warranty of merchantability, the trial court proceeded to determine the damages caused by the breach of warranty. Based on its findings of fact, the trial court found that Jebavy-Sorenson's losses on the Campbell's contract were foreseeable. MCLA 440.2715(2); MSA 19.2715(2). In order to make Jebavy-Sorenson whole the trial court assessed damages in an amount equal to Jebavy-Sorenson's losses on the Campbell's contract. *Ambassador Steel Co v Ewald Steel Co,* 33 Mich App 495, 505; 190 NW2d 275 (1971), *lv den,* 386 Mich 754 (1971), see *Hammond v Hannin,* 21 Mich 374, 384; 4 Am Rep 490 (1870).

The testimony of Richard Brye, Jr., Jebavy-Sorenson's vice-president and general manager, though, clearly indicates that he knew that there was some "pan scale" in some of the 732 bags that were not returned to Michigan Sugar. The testimony of George Gilbert, then the United States Department of Agriculture inspector assigned to the Jebavy-Sorenson plant, corroborates Brye's testimony.[1] The requirements of the Campbell's contract were within the special knowledge of Brye and he knew or should have known that Campbell's would reject the frozen apples if they contained any foreign matter, which all parties agree "pan scale" is.

Such an inspection by the buyer does not create an exclusion of the implied warranty of merchantability. MCLA 440.2316(3)(b); MSA 19.2316(3)(b).

---

[1] At the time of trial Gilbert was employed by Jebavy-Sorenson.

To make this section applicable, the inspection by the buyer must occur before the buyer's acceptance. MCLA 440.2316(3)(b); MSA 19.2316(3)(b), Official Comment 8. The fact that Michigan Sugar accepted the return of 68 bags of defective sugar is not sufficient evidence that Jebavy-Sorenson had not accepted the sugar prior to inspection. In addition there was insufficient evidence to support an exclusion of the implied warranty under MCLA 440.2316(3)(c); MSA 19.2316(3)(c).

The knowledge of the "pan scale" gained through the inspection of the sugar that was used, however, does prevent Jebavy-Sorenson from recovering the lost profits as a consequential damage. MCLA 440.2715(2)(a); MSA 19.2715(2)(a), *accord, American Glue Co v Rayburn,* 150 Mich 616, 620; 114 NW 395 (1908), *Country Club Soda Co v Arbuckle,* 279 Mass 121, 133–134; 181 NE 256, 260–261 (1932), Annotation, 33 ALR2d 511, 514–516 (1954). It was not foreseeable by Michigan Sugar that Jebavy-Sorenson would use sugar that it knew would not pass inspection by Jebavy-Sorenson's customer. The action of Jebavy-Sorenson in using the sugar that it knew had "pan scale" was a sufficient intervening act to relieve Michigan Sugar of liability for the damages that followed because of the sugar's use. *Fred J Miller, Inc v Raymond Metal Products Co,* 265 Md 523, 529; 290 A2d 527, 530 (1972), *Country Club Soda Co v Arbuckle, supra* at 134; 181 NE at 261. Jebavy-Sorenson cannot use sugar that its inspection reveals could cause its customer to reject the frozen diced apples, and then recover from Michigan Sugar when that happens. *See Ambassador Steel Co v Ewald Steel Co, supra* at 504–505, *cf. Pittsburgh Coal Co v Northy,* 158 Mich 530, 541–542; 123 NW 47 (1909).

Under the Uniform Commercial Code as adopted in Michigan once tender has been accepted "the buyer must within a reasonable time after he discovers * * * any breach, notify the seller of breach or be barred from any remedy". MCLA 440.2607(3)(a); MSA 19.2607(3)(a). The "pan scale" was discovered in November, 1969, but Michigan Sugar was not notified that any of the sugar used had "pan scale" in it until May, 1971. In view of the fact that Jebavy-Sorenson used the sugar promptly, the notification was not within a commercially reasonable time. MCLA 440.2607; MSA 19.2607, Official Comment 4, *Jones v Linebaugh,* 34 Mich App 305, 310–311; 191 NW2d 142 (1971), see, *e.g., Wallich Ice Machine Co v Hanewald,* 275 Mich 607, 615; 267 NW 748 (1936), *Ruggles v Buffalo Foundry & Mach Co,* 27 F2d 234, 236 (CA 6, 1928), *Necho Coal Co v Denise Coal Co,* 387 Pa 567; 128 A2d 771 (1957). But see *Piercefield v Remington Arms Co, Inc,* 375 Mich 85, 100; 133 NW2d 129 (1965).

While Jebavy-Sorenson did notify Michigan Sugar that 68 of the bags were defective it gave no notice of any other defective bags. Although the notice of a breach of warranty must only inform the seller that there are outstanding problems with the transaction, we do not believe that the notice given by Jebavy-Sorenson in November, 1969, was sufficient. MCLA 440.2607; MSA 19.2607, Official Comment 4, *General Instrument Corp v Pennsylvania Pressed Metals, Inc,* 366 F Supp 139, 147 (MD Pa, 1973), *aff'd w/o opin,* 506 F2d 1051, 1052 (CA 3, 1974). The November, 1969, notice was insufficient since once Michigan Sugar had replaced the 68 bags that it was notified of, it should have been able to assume that it had replaced all the bags that contained "pan scale" that Jebavy-Sorenson knew of.

The trial court's finding of fact as to when Jebavy-Sorenson learned of the "pan scale" in the sugar that it used in filling the Campbell's contract was clearly erroneous. Because of this erroneous finding of fact, the trial court failed to apply the correct sections of the Uniform Commercial Code to the facts. After applying the correct sections of the code, we conclude that Michigan Sugar was entitled to a judgment of no cause of action on Jebavy-Sorenson's counterclaim as a matter of law.

Reversed and remanded for entry of judgment in accordance with this opinion. Costs to appellant.