**Gerald BELL, Appellant,**

v.

**LOUISVILLE MOTORS, INC., Appellee.**

Court of Appeals of Kentucky.

Aug. 4, 1978.

Rehearing Denied Nov. 10, 1978.

Harry B. Diamond, Richard A. Dolin, Lohman & Diamond, Louisville, for appellant.

Patrick E. Morgan, John T. McGarvey, Louisville, for appellee.

Before GANT, HOGGE and WILHOIT, JJ.

HOGGE, Judge.

This is an appeal from a summary judgment of the Jefferson Circuit Court in favor of defendant-appellee, Louisville Motors, Inc. Gerald A. Bell, the appellant in this case, sued Louisville Motors, Inc. after purchasing a Ford truck, represented to be a new 1975 model truck. Bell's complaint alleged that the truck was not new. He sought rescission of the contract and damages for breach of express and implied warranties. Bell asserted that the misrepresentation was made with the intent of deceiving him, and that the acts of the appellee's agent were unlawful under KRS 367.170, as they constituted a "false, misleading, or deceptive act or practice." Louisville Motors, Inc., filed a third-party complaint against Ford Motors Company. Summary judgment was granted in favor of Ford; however, only the summary judgment in favor of Louisville Motors is involved in this appeal.

The briefs of both parties to this appeal indicate that the truck's problems arose when its engine overheated during a test drive by another potential customer. As the case was decided on motion for summary judgment, evidence in regard to this alleged occurrence was not introduced.

On motion for summary judgment, it is the duty of the trial court to determine whether there is a genuine issue as to any material fact, and whether the moving party is entitled to a judgment as a matter of law. CR 56.03. If a genuine issue of material fact exists, summary judgment is precluded.

Appellant alleges that there is such an issue in this case; that is, whether the truck was new. The complaint asserted that it was not new; the answer alleged that it was. The only evidence in the record is Bell's deposition. Bell began noticing problems with his Ford truck after purchase. It did not have a lot of power, and did not change gears well. His engine was not painted like the engines of other new trucks

he examined. There was a ticking which friends said was an indication of a burnt valve. He became convinced his engine was rebuilt, and made this assertion to personnel at Louisville Motors. Work sheets, which he was allowed to see on request, showed that Louisville Motors had replaced five pistons and a short block in the vehicle. Bell also noted that there had been a "hole in block to water pump omitted."

Appellee contends that the facts of this case are undisputed and that those facts are that appellant is claiming his vehicle is not new because defective parts were replaced by new parts, and that, as a matter of law, this does not make a vehicle "used." We do not construe appellant's claim so narrowly; we feel that the deposition suggests that this case also involves the effect of damage to an engine on the issue of newness.

Although this appears to be a case of first impression in Kentucky, we have found numerous out-of-state authorities which address the question of the circumstances under which a vehicle or piece of machinery should be considered "new", and a number of these indicate that extensive damage may prevent an item from being classified as "new."

In 66 C.J.S. *New,* the term is defined as "not yet used or worn; now first used for some purpose; recently made; still *unimpaired by use.*" (Emphasis added). In *Rawlins v. McIntyre,* 330 S.W.2d 524, 526 (Tex.Civ.App.1959), the Texas Court of Civil Appeals stated, "The judge as the trier of the facts did not abuse the discretion vested in him in finding from the evidence disclosed by the record and the legitimate inferences to be drawn from it that a house trailer that was damaged to such an extent that a component part had to be replaced and major repairs made was not a new trailer in the sense that "new" was used in the representation . . . ."

In *Maxcy v. Frontier Ford, Inc.,* 29 Ill. App.3d 867, 331 N.E.2d 858, 861 (1975), the Appellate Court of Illinois stated that "[W]hen a car is sold as 'new', the purchaser is entitled to receive a car which does not show age and wear from whatever cause to a greater degree than reasonably may be expected in a car of the kind and price involved." The court held that whether a car is "new" is an issue to be decided by the trier of facts.

■ It has been said that the purpose of a summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for respondent to produce evidence at trial warranting judgment in his favor against movant. *Harlow v. Harlow,* Ky., 551 S.W.2d 230 (1977); *Stewart v. Lawson,* Ky., 437 S.W.2d 733 (1969). We do not believe that to be the case in the proceeding before us. We hold that there was a genuine issue of material fact as to the newness of the vehicle, in view of Bell's testimony regarding its lack of power, failure to change gears well, ticking indicating a burnt valve, and other matters. We hold that the trial court erred in granting summary judgment.

■ Appellee's second argument that summary judgment was properly granted involves the fact that there existed no warranties beyond the description on the face of the buyer's order, except for the manufacturer's written warranty. Appellee contends that the manufacturer's written warranty merely provided that defective parts would be replaced free, and since appellant has not taken advantage of this warranty, he has no remedy. The manufacturer's written warranty had not been introduced into evidence as of the time motion for summary judgment was granted. Appellant contends that the manufacturer's warranty is for the sale of a new car, and that appellee has thus extended a warranty of newness. KRS 355.2–313(1)(b) provides that, "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." We hold that this issue could not properly be decided upon motion for summary judgment on the basis of the record before us.

Appellee further argues that it is entitled to a finding as a matter of law that Bell accepted the truck and did not revoke his

**354**

acceptance within a reasonable time as required by KRS 355.2–608. It asserts that Bell was therefore without a remedy and thus summary judgment was properly granted.

Appellee's contention is based on the assumption that Bell did not attempt to revoke acceptance until he had driven the truck three months and 3,500 miles. KRS 355.2–608 and KRS 355.2–607 state that revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the grounds for it. In this case, there is some indication that Bell did not become aware of the facts which led him to believe that his truck was not new until some time after purchase, after he began to experience problems with the truck, and obtained company work sheets. Upon obtaining the work sheets, Bell complained that he had a rebuilt engine, and asked what the company intended to do about it.

Under our prior statute with regard to revocation of acceptance, KRS 361.690, there was also a requirement that revocation be made within a reasonable time. In *Chaplin v. Bessire and Company*, Ky., 361 S.W.2d 293, 297 (1962), the court made the following statements with regard to what is a reasonable time:

> It has been said that while the seller is engaged in an effort to remedy the defects the "reasonable time" within which the buyer must rescind does not run. *Heibel v. United States Air Conditioning Corp.*, 1939, 206 Minn. 288, 288 N.W. 393, 394. And if the buyer promptly calls upon the seller to make his warranty good the time should not begin to run against the buyer until it is no longer reasonable for him to expect that the seller can and will do so.
>
> . . . . On the whole case we conclude that reasonable men may well differ on whether Chaplin acted in due season, and that the question therefore was in the province of the jury.

See also *Annotation*, 65 A.L.R.3d 354 at § 2(b) and § 11 (1975).

 We hold that there was an issue of fact as to whether revocation of acceptance of the truck was made within a reasonable time, and Bell was entitled to the opportunity to introduce evidence on this question and have it submitted to a jury.

The judgment is reversed.

All concur.