Herman F. SOUTHERLAND and Esther Southerland, Appellants,

v.

NORTHEAST DATSUN, INC., et al., Appellees.

No. 08–82–00237–CV.

Court of Appeals of Texas, El Paso.

Sept. 28, 1983.

Alejandro Duran, Jr., Luis C. Labrado, El Paso, for appellants.

Howell Cobb, III Scott, Hulse, Marshall, Feville, Finger & Thurmond, Ralph E. Harris, El Paso, for appellees.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

WARD, Justice.

This is an appeal from the granting of a summary judgment for the Defendants in a suit filed for injury to person and property arising from alleged breaches of express and implied warranties under the Texas Uniform Commercial Code. Questions on appeal concern the existence of implied warranties where used goods are sold, the existence of express warranties contrary to the terms of the parol evidence rule, the effectiveness of disclaimers contained in the sales documents, the date of accrual of the statute of limitations, the application of the reasonable notice provision of the code, costs of suit below and correct parties. As modified, we affirm.

On July 18, 1975, the Plaintiffs, Herman F. Southerland and Esther Southerland, purchased a 1972 Dodge motor home from Northeast Datsun, Inc. They knew at the time that the motor home was used. On January 16, 1977, the motor home caught fire due to a leak in the propane heater, destroying the motor home and its contents and causing Mr. Southerland to lose the sight in one of his eyes. The cause of the fire was not at issue in the summary judgment proceedings. Plaintiffs did not notify the Defendant Northeast Datsun, Inc. of their problems with the motor home until December 10, 1980. Plaintiffs filed their suit on January 14, 1981, alleging that Northeast Datsun, Inc. and Double R/F Enterprises, Inc. d/b/a Northeast Datsun were liable for their injuries based on breach of express and implied warranties in connection with the sale. They alleged that the defendants were liable because (1) they breached an implied warranty of merchantability, (2) breached an implied warranty that the home would be fit for the particular purposes for which it was purchased, and (3) breached express warranties that (a) the motor home had been checked out and all components serviced at the time of the sale, (b) that the motor home had only been driven 11,189 miles, (c) that the components of the motor home had been checked by the mechanic and were in good shape and proper working order, (d) that the motor home would give them thousands of trouble-free miles, and (e) that the motor home was in excellent mechanical shape.

Answers being filed, the Defendant Double R/F Enterprises, Inc. d/b/a Northeast Datsun filed its motion for summary judgment alleging that it was not incorporated until April 14, 1978, that it was not in any way associated with Defendant Northeast Datsun, Inc. nor with the sale to the plaintiffs, that it had purchased certain assets of that defendant but had not assumed the claim made by the Plaintiffs and was in no way a successor corporation of that other

Defendant by which it could be liable. The Defendant Northeast Datsun, Inc. filed its motion for summary judgment on five grounds setting forth the following: as a matter of law no implied warranties arose from the sale of the used goods; the contract in question was unambiguous, disclaimed all warranties and the Plaintiffs could not resort to parol evidence to establish their alleged warranties; the Plaintiffs' action was barred by the statute of limitations; there were no warranties other than those expressly contained in the written contract; and the action was barred by the Plaintiffs' failure to give reasonable notice of the alleged breach.

The summary judgment proof consisted of the depositions of the two Plaintiffs, affidavits by Mr. Southerland and by the principal officers of the two corporate defendants, certified copies of all documents relating to the sale of the mobil home, and answers to interrogatories propounded by the Plaintiffs. Thereafter, summary judgment was rendered in favor of the Defendants to the effect that the Plaintiffs take nothing and that each party pay the costs of court incurred by each respective party.

The Plaintiffs do not attack on appeal the summary judgment rendered for the Defendant Double R/F Enterprises, Inc. Nothing being presented for review, the take nothing judgment rendered in favor of that defendant will be affirmed.

█ As to the Defendant Northeast Datsun, Inc., the Plaintiffs on appeal do attack each of the independent grounds set forth in that Defendant's motion for summary judgment. Plaintiffs recognize that where a summary judgment does not state the grounds upon which it is granted, an appellant to win on appeal must show that each of the independent grounds alleged in the motion are insufficient to support the summary judgment. *Thomson v. Norton,* 604 S.W.2d 473, 476 (Tex.Civ.App.—Dallas 1980, no writ). The Plaintiffs present the one general point that the trial court erred in granting the motion for summary judgment and then under it attack each of the grounds urged by Northeast Datsun, Inc. The Plaintiffs first complain that the trial

court erred in granting the summary judgment in favor of Northeast Datsun, Inc. because the purchase of the used motor home prevents implied warranties arising where the buyer knows the goods are used. Under Texas law, no implied warranty to the sale of used goods attaches where they are purchased with knowledge that they were used. This rule has been consistently applied to the implied warranty of merchantability. *Thornton Homes, Inc. v. Greiner,* 619 S.W.2d 8 (Tex.Civ.App.—Eastland 1981, no writ); *Cheney v. Parks,* 605 S.W.2d 640 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Chaq Oil Company v. Gardner Machinery Corporation,* 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). While the Chaq Oil Company case left the question open as to the applicability of the implied warranty of fitness for a particular purpose for used goods (Sec. 2.315, Tex.Bus. & Com.Code Ann.), that implied warranty was effectively excluded in the case before us. The retail sales order regarding the motor home provided that it was sold as accepted and that there were no representations or warranties express or implied. That exclusion of warranty was in writing and conspicuous and was effective to exclude the implied warranty of fitness. Section 2.316, Tex. Bus. & Com.Code Ann. (Vernon 1968). *G–W–L, Inc. v. Robichaux,* 643 S.W.2d 392 (Tex.1982). Northeast Datsun, Inc. was entitled to summary judgment as to all causes of action allegedly arising out of the breach of any implied warranties.

█ Northeast Datsun, Inc. also sought summary judgment on the ground that the only warranties in existence were those in the written contract and that the Plaintiffs were relying on alleged oral warranties whose existence was barred by the parol evidence rule. Sec. 2.202, Tex.Bus. & Com. Code Ann. (Vernon 1968). The sales agreement provided the vehicle was sold as accepted and "there are no representations or warranties express or implied, unless otherwise agreed to in writing, signed by the purchaser and an official of the dealer." In addition, the agreement provided that the "dealer assumes only such warranty obliga-

tions to Buyer as are set forth on the face of this order or in a separate written instrument, if any." We find in the instrument there was only a written limited thirty-day engine and transmission warranty. As to this, the plaintiffs argue that the motor home was sold "as accepted" and thus parol evidence was permissible to ascertain the parties' intent. We do not agree, as the full contract signed as an expression of each party's final intent unambiguously declared in two places that no warranties exist unless they were in writing. The sales agreement does not create any ambiguity.

According to the summary judgment evidence, the Plaintiff, Herman Southerland, reviewed the sales contract in its entirety and admitted that it was intended by both parties to the contract to be the final, exclusive and complete statement of the terms of the agreement for the purchase of the motor home. Absent a claim based on fraud, accident or mutual mistake, alleged oral warranties preceding the sales purchase were superseded by the written memorials of the transaction and evidence of them would be excluded by both the parol evidence rule and Section 2.202 of the code.

The oral warranties were the only ones extending to future performance with the exception the written limited thirty-day engine and transmission warranty. As shown, the oral warranties were inadmissible under Section 2.202. Defendants pled the four-year statute of limitation under the code, and it also effectively prevented the Plaintiffs' recovery and authorized the summary judgment.

Section 2.725 of the Texas Business and Commerce Code provides in pertinent part:

(a) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(b) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Based on the previous discussion, the cause of action accrued and the period of limitations started to run when delivery occurred, regardless of the Plaintiffs' lack of knowledge. *Clark v. DeLaval Separator Corporation,* 639 F.2d 1320 (5th Cir.1981). Plaintiffs obtained delivery of the motor home in July, 1975, and did not file their suit until January 14, 1981, more than four years after the accrual of the cause of action. The *Clark* case also points out that an implied warranty cannot "explicitly extend to future performance" and thus does not fall within the exception of Section 2.725(b). Even if the implied warranties of merchantability and fitness had been applicable to the sale of the mobile home, the statute of limitations would have accrued as to them on the date of tender of delivery. Action on those warranties would then have been barred. The Plaintiffs' point complaining of the application of the statute of limitations is overruled.

Northeast Datsun, Inc. finally alleged in its motion for summary judgment that it should be granted on the ground that failure to give notice within a reasonable time barred the Plaintiffs' suit as a matter of law. The fire occurred on January 16, 1977, and notice was not given until December 10, 1980. The failure to give notice basis on which the summary judgment was granted is the subject of the Plaintiffs' last point.

Section 2.607(c), Tex.Bus. & Com.Code Ann. (Vernon 1968), provides that when tender has been accepted the buyer must notify the seller of any breach within a reasonable time after he discovers the breach or be barred from any remedy. Here, three years, eleven months elapsed after discovery before the Plaintiffs gave notice. We have found no Texas case directly in point regarding whether a trial court can determine the reasonableness of the time of notice of a breach under the U.C.C. as a matter of law. Section 1.204 of

the code provides that a reasonable time for taking any action depends on the nature, purpose and circumstances of such action. One case interpreted this section in the context of a reasonable time within which to effectively revoke acceptance of goods and held that reasonable time constituted a factual issue. *Sylvester v. Watkins,* 538 S.W.2d 827, 830 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.). The court also discussed the possibility that the issue of reasonableness might be a legal one under certain circumstances and restricted its holdings in that case to the facts before it.

There is authority from other jurisdictions that nearly a four-year lapse between knowledge of an alleged breach and notice to the seller is an unreasonable amount of time as a matter of law. *Branden v. Gerbie,* 62 Ill.App.3d 138, 19 Ill.Dec. 492, 379 N.E.2d 7 (1978); *Wagmeister v. A.H. Robins Company,* 64 Ill.App.3d 964, 21 Ill.Dec. 729, 382 N.E.2d 23 (1978). See also: *Leeper v. Banks,* 487 S.W.2d 58 (Ky.App.1972); *Michigan Sugar Company v. Jebavy Sorenson Orchard Company,* 66 Mich.App. 642, 239 N.W.2d 693 (1976); *San Antonio v. Warwick Club Ginger Ale Co.,* 104 R.I. 700, 248 A.2d 778 (1968). Even though we have retail consumers, we hold that the three years, eleven months is unreasonable as a matter of law. The Plaintiffs' last point is overruled.

The two Defendants bring forth the one cross-point complaining of the trial court's order assessing the court costs incurred by the Defendants to those Defendants. They insist on their right that the taxation of costs be as provided by Rule 131, Tex.R.Civ.P., and that the Plaintiffs bear the burden of paying all costs incurred. Good cause for assessing the costs against the Defendants not being shown on the record, the cross-point is sustained. *Harris v. Shotwell,* 490 S.W.2d 860 (Tex.Civ.App.— Fort Worth 1973, no writ); Rules 131 and 141, Tex.R.Civ.P.

The judgment of the trial court that the Plaintiffs take nothing from the Defendants is affirmed. That portion of the judgment of the trial court insofar as the same relates to costs is reversed and judgment is here rendered that all costs in the trial court and in this Court be paid by Plaintiffs.