CAMPBELL & SUMMERHAYS, INC., et al.,
Appellants,

v.

Frances M. GREENE, Appellee.

KLEMPNER SUPPLY COMPANY et al.,
Appellants,

v.

Frances M. GREENE, Appellee.

Court of Appeals of Kentucky.

Feb. 21, 1964.

Rehearings Denied Sept. 18, 1964.

Edward M. Post, Robert P. Hastings and Lively M. Wilson, Stites, Peabody & Helm, Allen P. Dodd, Jr., Dodd & Dodd, Garner M. Petrie, Louisville, for appellants.

Clinton Burroughs, Oldham, Burroughs & Miller, Louisville, for appellee.

CULLEN, Commissioner.

In proceedings between the owner of a tract of real estate and various persons who, under contract with a lessee of the tract, had supplied labor and materials for the contruction of a building on the tract, the question was presented whether mechanics' liens for the labor and materials could be enforced against the owner. The trial court answered the question in the negative and entered judgment in favor of the owner. The lien claimants have appealed.

Appellee Frances Greene, the owner of the land, leased it to Brownsboro Road Funeral Home, Inc., for a period of 10 years with options in the lessee to renew for an additional 10 years and at the end of the 20-year period to purchase the land at a stated price. The lease contained the following provision:

"Within a year from the date hereof, Lessee shall construct and fully complete on said premises a one and one-half (1½) story building, to be constructed of good material, erected in a good workmanlike manner, and be ready for occupancy on or before one year from this date, free and clear of all liens of contractors, sub-contractors, mechanics, laborers, materialmen, and other items of like character.

"The building to be erected is to be designed to be occupied by a funeral home."

The lease was recorded. Thereafter the lessee undertook construction of a building estimated to cost around $100,000. However, shortly the lessee ran out of money and there was an accumulation of substantial claims for labor and materials. Also, the lessee defaulted in the rental payments as a result of which the lease was forfeited. The building was left only partially constructed.

The laborers and materialmen complied with all statutory requirements ·to perfect mechanics' liens. The only question is whether the liens are enforceable against the land, full possession and title to which have reverted to the owner.

KRS 376.010 provides that any person who performs labor or furnishes materials for the erection of a structure by contract with *or by the written consent of* the owner or his *authorized agent* shall have a lien on the land or on any interest the owner has therein. It is the contention of the appellants that by virtue of the provision of the lease requiring the lessee to erect a building which would enhance the value of the land, the lessee was made the *agent* of the owner within the meaning of the statute.

There is general support of the appellants' position in decisions from other jurisdictions. See 57 C.J.S. Mechanics' Liens § 65c(4) (a), p. 562; Annotations, 79 A.L.R. 962, 163 A.L.R. 992. There also is substantial authority for the proposition that the execution of a lease *requiring* the lessee to construct a building constitutes "written consent" of the owner within the meaning of the mechanics' lien statutes. See 57 C.J.S. Mechanics' Liens § 65c(4) (a), p. 562; 36 Am.Jur., Mechanics' Liens, sec. 95, p. 74.

The basic theory of the decisions appears to be that the owner, in requiring the lessee to construct a building that will increase the value of the land upon reversion to the owner, is in effect contracting for the improvement for his own benefit.

 We have no difficulty in accepting the basic theory and in applying it either under the "agency" clause or the "consent" clause of the statute. Nor do we have any difficulty in concluding that the provision of the lease requiring the building to be erected free and clear of liens is not, solely as a contract between the lessor and lessee, effectual to relieve the lessor of the liability that the statute imposes upon him. See 57 C.J.S. Mechanics' ·Liens § 65c(4) (d), p. 565; Annotations, 79 A.L.R. 972, 163 A.L.R. 1000. However, we do have some trouble with the question of whether the *recording* of the lease, containing the no-lien clause, may be considered constructive notice of limitations on the owner's "consent," or on the lessee's "agency," such as to preclude enforcement of a lien against the owner.

It seems to us, after full deliberation, that the recording of the lease is not really a significant factor. The true basis for holding the owner liable is that the improvement is for his benefit. That being so, he should not be relieved of subjection to a lien merely because he informs the laborer or materialman, actually or constructively, that he does not intend to be liable. The rule in a substantial number of jurisdictions· (which rule we think is sound) is that an owner who has employed a contractor to construct a building for him cannot free himself of lien liability by inserting a provision in the contract that the contractor shall erect the building free of liens. See 36 Am.Jur., Mechanics' Liens, Sec. 231, p. 148; Central Trust Co. v. Richmond, N., I. & B. R. Co., 6 Cir., 68 F. 90. And the recording of such a contract is immaterial. 36 Am. Jur., Mechanics' Liens, Sec. 232, p. 149. So why should there be a different rule in the lessor-lessee situation?

The mechanics' lien statutes are not predicated on any concept of credit reliance —the laborer or materialman may enforce a lien against the owner of land even though

at the time he performed the labor or furnished the materials he did not know who was the owner. In the decisions supporting the majority rule hereinbefore stated—that the landowner's interest is subject to lien where the lease requires the lessee to construct the building—it seems to have been considered immaterial whether the laborer or materialman knew of such requirement. In other words, the right to the lien has not been predicated upon any reliance by the laborer or materialman upon the terms of the lease. Therefore, it should not be a basis for denying the lien that the laborer or materialman was put on notice that the landlord was disclaiming liability.

We have had no previous cases in Kentucky involving the question of subjection of the landlord's interest to a lien where the lease requires the lessee to construct a building. However, we have had two cases involving the question of subjecting a *vendor's* interest where the contract of sale requires the vendee to construct an improvement. In Weir v. Jarecki Mfg. Co., 254 Ky. 738, 72 S.W.2d 450, where a contract for the sale of an undivided interest in an oil and gas lease required the vendee to drill certain wells, it was held that the persons who furnished labor and materials for the drilling of the wells could not enforce a lien against the interest of the vendor. Some importance was attached to the fact that the *recorded* contract of sale contained a provision that the wells should be drilled without cost or expense to the vendors. The opinion in the Weir case undertook to distinguish Penney v. Kentucky Utilities Co., 238 Ky. 167, 37 S.W.2d 5, where a contract for the sale of a hotel property required the vendee to make substantial improvements, and it was held that liens could be enforced against the vendor's interest.

 We can see no real distinction between the Weir and Penney cases and it is our opinion now that the Weir decision is unsound, particularly as concerns the significance of recording. The mechanics' lien statutes are to be construed liberally to protect those who furnish labor and materials. Ohio Oil Co. v. Smith-Haggard Lumber Co., 288 Ky. 278, 156 S.W.2d 111; Hodges v. Quire, 295 Ky. 78, 174 S.W. 2d 9. Under a liberal construction the laborers and materialmen should be protected where the work is done and the materials furnished by contract with an agent of the owner or by written consent of the owner, notwithstanding an attempted disclaimer of liability by the owner, even placed to record.

It is our conclusion that the liens of the appellants are enforceable against the interests of the appellee.

The judgment is reversed with directions to enter judgment in conformity with this opinion.