HUB CITY WHOLESALE ELECTRIC, INC.; Rueff Lighting Company; and Midwestern Construction, Inc., Appellants,

v.

MIK–BETH ELECTRICAL CO., LTD.; Neal Kindervater, and his wife, Nancy Kindervater; Robert M. Layman, and his wife, Deanna Layman; Edward Rosenberg, and Richard Agree, d/b/a Mulberry Plaza; K–Mart Corporation; Michigan National Bank of Detroit; Commonwealth Life Insurance Company; Glenview Development, Inc.; The Kroger Company, Inc.; Super X Drugs of Kentucky, Inc.; and Martha Jane Layman, Appellees.

Court of Appeals of Kentucky.

July 3, 1981.

Discretionary Review Denied Oct. 6, 1981.

C. Michael Weldon, Elizabethtown, Kim F. Quick, Louisville, Collier, Arnett & Coleman, Elizabethtown, for appellants.

Harold K. Huddleston, Elizabethtown, Charles W. Brooks, Jr., James W. Hendricks, Louisville, for appellees.

Before COOPER, McDONALD and WILHOIT, JJ.

McDONALD, Judge:

In the action below the appellants sought enforcement of mechanics' and materialmen's liens against the appellees' property, claiming that they owed over $9,000 for building materials and labor which were supplied but allegedly not paid for. The appellees then made a motion to dismiss the complaint on the grounds that the liens were not properly executed and perfected because they were acknowledged but not "subscribed and sworn to" as required by K.R.S. 376.080. Subsequently, the appellants amended their complaint to allege that the defendants were liable under an agency theory. Then the court ruled on the motion to dismiss and held that the mechanics' liens were invalid for failure to show that they had been subscribed and sworn to; the court also ruled that K.R.S. 423.200 did not abrogate the requirement that the lien statement be sworn to. That portion of the complaint which was based on the mechanics' liens was therefore dismissed, and the order finalized under CR 54.02. Thus the question presented on appeal is whether the recording of instruments alleging mechanics' liens which show that they were acknowledged rather than "subscribed and sworn to" creates a valid lien on the property involved. Under case law from this and other jurisdictions and

under the mandatory language of K.R.S. 376.080, we hold that the statements must be subscribed and sworn to and that the trial court properly dismissed the claims under the liens.

An acknowledgment is a verification that a document was executed; however, when one subscribes and swears to a statement, one verifies the truth of its contents. On the basis of this distinction and the statute that was the predecessor of K.R.S. 376.080, our courts have held that a mere acknowledgment is not sufficient to show that the statement was sworn to as required by the law and renders the lien invalid. *Indiana Quarries v. Simms*, 158 Ky. 415, 165 S.W. 422 (1914). More recent cases from other jurisdictions uphold the finding that such a defect is fatal to a mechanics' lien. *Bell and Zajicek, Inc. v. Heyward-Robinson Company*, 23 Conn.Sup. 296, 182 A.2d 339 (1962); *Talco Capital Corp. v. State Underground Park*, 41 Ohio App.2d 171, 324 N.E.2d 762 (1974). In *Talco*, the Ohio Court of Appeals put forth these general propositions:

> Mechanics' liens are to be construed strictly upon the question of whether a lien attaches, and to be construed liberally in regard to the remedial and procedural provisions, *after the lien has been created.* In regard to the *procedure for perfecting* a mechanics' lien, the Mechanics' Lien Law confers a right in derogation of common law, and although liberality in reference to errors of procedure is permissible, all steps prescribed by statute to perfect such lien must be followed, and in that respect the law has to be strictly construed and applied. *Id.* at 766.

Our statute prescribes in mandatory terms a particular mode of verification. K.R.S. 376.080(1) states as follows:

> Any lien provided for in KRS 376.010 shall be dissolved unless the claimant, within six (6) months after he ceases to labor or furnish materials, files in the office of the county clerk of the county in which the building or improvement is sit-

uated a statement of the amount due him .... This statement shall be *subscribed and sworn to* by the person claiming the lien or by someone in his behalf. (emphasis added).

We conclude that there is no lien in the absence of a verification made in the form and manner required by our statute.

The appellant argues here, as below, that K.R.S. 423.200 changes the requirement that mechanics' lien statements be "subscribed and sworn to." That section was added to the Uniform Recognition of Acknowledgments Act (K.R.S. 423.110 to 423.190) and provides as follows:

> Notwithstanding any other provision of law ... any instrument required to be sworn to or affirmed in order to be recorded may be admitted to record upon a jurat recognized under the provisions of KRS 423.110 to 423.190.

The trial court held that although K.R.S. 423.200 removed the requirement that instruments be sworn to in order to be recorded, it did not lift the requirement that mechanics' liens must be sworn to in order to be valid. We agree.

There are two competing policies operative here. One is that mechanics' liens, because they are remedial, should be liberally construed in favor of the claimant. The other calls for strict construction because mechanics' liens are statutory rights in derogation of the common law. Some jurisdictions have compromised by requiring a strict construction concerning whether or not the lien attaches and allowing a more liberal construction concerning enforcement of the lien. Regardless of the approach a jurisdiction takes, a liberal construction may be held inapplicable to mandatory provisions for perfecting a lien. 53 Am.Jur.2d *Mechanics' Liens* § 23 (1970).

We think the better rule is to require strict adherence to the statutory provisions for perfecting the lien. K.R.S. 376.080 calls for the statement to be "subscribed and sworn to." This implies the taking of an

oath, which is little to ask of the party who is seeking such a remedy. Furthermore, this is a specific statute concerning perfection of the lien and we think it should govern over the more general provisions in K.R.S. 423.200. We also note that K.R.S. 423.200 was added to the Uniform Recognition of Acknowledgments Act in 1972, whereas K.R.S. 376.080 was reenacted by the legislature in 1978 with the same "subscribed and sworn to" language. It appears that the legislature intended to retain the requirement of an oath to prevent the filing of frivolous claims.

For the above reasons we affirm the trial court judgment.

All concur.