**Charles R. LAFERTY and Rita P. Laferty, Appellants,**

v.

**WICKES LUMBER COMPANY, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1986.

Rehearing Denied March 14, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court May 13, 1986.

Michael de Bourbon, Pikeville, for appellants.

Paul P. Burchett, Prestonsburg, for appellee.

Before GUDGEL, HOWERTON and WHITE, JJ.

HOWERTON, Judge.

The Lafertys appeal from a summary judgment in the Floyd Circuit Court granting Wickes Lumber Company a mechanic's lien to secure Wickes' claim of $16,141.99. The Lafertys argue that Wickes did not comply with the notice requirements in KRS 376.010(3). We agree and reverse the judgment.

The Lafertys contracted with Darrell Preston to construct some improvements on their property. Preston purchased materials for the improvements from Wickes Lumber Company, which delivered the materials in August and September of 1981. Wickes was not paid, and on December 30, 1981, it filed a complaint against Preston as its debtor, claimed a lien against the Lafertys' real property, and joined United Federal Savings & Loan as the holder of a $60,000 mortgage on the property. Wickes claimed $16,624.52 was owing.

The Lafertys objected to the claim against them because they had not been given a previous, separate, written notice that Wickes intended to claim a lien on their property as required by KRS 376.-010(3). The trial court held that the complaint provided sufficient written notice and that it was filed and presented to the Lafertys in a timely manner. On the basis of the proof presented by Wickes, the trial court awarded it the sum of $16,141.99. The original summary judgment not only

established the lien but made the judgment personal against the Lafertys. By a subsequent order, the court corrected its judgment and allowed the claim to be against the property only, as there was no contractual relationship between Wickes and the Lafertys.

■ The primary issue discussed by the parties is whether a complaint which is properly filed and served on the owner of property within 120 days after the last materials are furnished for improvement of the property may substitute for or constitute the written notice required by KRS 376.010(3). The statute provides:

No person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless he notifies in writing the owner of the property to be held liable or his authorized agent, within ... one hundred twenty (120) days on claims in excess of $1,000 after the last item of material or labor is furnished, of his intention to hold the property liable and the amount for which he will claim a lien.[1]

Certainly, the complaint was a written document which gave the property owner all of the required information; but, when we consider all of the statutes concerning mechanics' liens, we are convinced that the legislature intended a separate, pre-litigation notice in KRS 376.010(3). The real issue is not merely whether a complaint provides a written notice, but whether it satisfies the purpose of such notice. As to the latter, the answer is no.

■ Kentucky adheres to the rule that the statutory provisions for perfecting a lien must be strictly followed. *Hub City Wholesale Electric, Inc. v. Mik-Beth Electrical Co., Ltd.*, Ky.App., 621 S.W.2d 242 (1981). The statutory scheme provides a good faith creditor with a means of converting an unsecured debt into a secured debt by complying with certain prescribed steps. Within 120 days after furnishing

the last labor or material, the owner must be notified in writing of the claimant's intent to claim a lien if he is not paid. Within six months after furnishing the material, a lien statement must be filed with the county court clerk. KRS 376.080. Finally, an action to enforce the perfected lien must be commenced within one year after the filing of the statement with the clerk. KRS 376.-090. Failure to take any of these steps dissolves the lien.

A clear statement of the purpose of the notice to an owner is expressed in 53 Am. Jur.2d *Mechanics' Liens*, Section 170, at 688 (1970). It provides:

The purpose of the required notice to the property owner is to inform the owner of the nature and amount of the claim in order that he may protect himself in his future dealings with the person with whom the claimant contracted, and particularly to enable him to retain whatever money may be due the contractor and to apply it to the payment of the lien claimed.

While we do not know if a suit could have been avoided in this case, or if another method of notice would have provided the owner with any degree of protection, we nevertheless conclude that a prior-to-litigation notice is a prerequisite to perfecting any lien where the materialman has not contracted with the owner.

We do not wish to place form over substance, but suits may be maintained on perfected liens only. A lien claim against a noncontracting owner has not been perfected unless the written notice is given before filing the suit. Unless the lien has been properly perfected, there is nothing to enforce by a suit, and there is no basis for a lien claim in a complaint. We conclude that the legislature did not intend to provide a method for perfecting a lien by merely notifying the noncontracting owner via a complaint.

---

1. KRS 376.010(4) requires that written notice be served on the owner-occupant of a single or double family dwelling within ten (10) days after the first item of labor or material is fur-nished, when the supplier has not contracted directly with the owner-occupant. There is no contention that subsection (4) is applicable to this case, however.

The Lafertys also argue that the trial court erred by granting a summary judgment on the amount due. In light of our decision on the primary issue, this issue has become moot.

The judgment of the Floyd Circuit Court is reversed as to the lien allowed in favor of Wickes Lumber Company on the property of the Lafertys.

All concur.