MIDDLETOWN ENGINEERING
COMPANY A Kentucky
Corporation, Appellant,

v.

MAIN STREET REALTY, INC.
A Kentucky Corporation,
Appellee.

No. 91–SC–1005–DG.

Supreme Court of Kentucky.

Oct. 22, 1992.

Richard C. Oldham, Jr., Louisville, for appellant.

Marvin J. Hirn, Mary R. Harville, Hirn, Reed, Harper & Eisinger, Louisville, for appellee.

REYNOLDS, Justice.

This is an action in which an unpaid subcontractor has appealed from a judgment which dissolved its mechanic's lien as being improperly perfected against the owner.

Main Street Realty, Inc., owner of the Belknap Building in Louisville, Kentucky, engaged Coleman Building Corporation, as the general contractor, to renovate its building. Coleman, which is not a party in this Court, entered into a subcontract with Middletown Engineering Company for the installation and completion of the heating and air conditioning work on the project. Coleman hired Middletown Engineering in February of 1989, and made a partial payment of $9,475 on April 14, 1989, but made no further payment. Middletown complet-

ed its work May 12, 1989, and claimed a balance due of $49,513 for both materials and labor. On July 31, 1989, Middletown filed a mechanic's lien against the owner in the Jefferson County Clerk's office and mailed a copy of the lien statement to Main Street Realty within seven days after that filing so as to satisfy the notice requirements of KRS 376.080(1). This action was filed by Middletown on September 22, 1989.

The owner moved to dismiss because the subcontractor failed to provide a prelien notice pursuant to KRS 376.010(3) and Jefferson Circuit Court entered judgment sustaining the motion.

The Court of Appeals reversed and stated that the agency of the general contractor for the owner was a material issue of fact and that a lien statement (KRS 376.-080) is not a substitute for the prelien written notice required by KRS 376.010(3).

Granting discretionary review, we consider the issues raised to be as follows: Was the subcontractor required to send notice of its intent to file a mechanic's lien to the owner and, if so; was the statutory requirement satisfied by mailing a copy of the recorded lien to the owner?

The unambiguous statutory procedure for perfecting and enforcing a mechanic's lien in this state is set forth in KRS 376.-010, 376.080 and 376.090. *Laferty v. Wickes Lumber Company*, Ky.App., 708 S.W.2d 107 (1986) provides that:

> Within 120 days after furnishing the last labor or material, the owner must be notified in writing of the claimant's intent to claim a lien if he is not paid. Within six months after furnishing the material, a lien statement must be filed with the county court clerk. KRS 376.-080. Finally, an action to enforce the perfected lien must be commenced within one year after the filing of the statement with the clerk. KRS 376.090. Failure to take any of these steps dissolves the lien.

Specifically, the subcontractor did not comply with KRS 376.010(3) which requires as follows:

> No person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless

he notifies in writing the owner of the property to be held liable or his authorized agent, within seventy-five (75) days on claims amounting to less than $1,000 and one hundred twenty (120) days on claims in excess of $1,000 after the last item of material or labor is furnished, of his intention to hold the property liable and the amount for which he will claim a lien.

The purpose of the required notice to the property owner is to so inform the owner of both the nature and the amount of the claim in order that he may protect himself in his future dealings with the person (general contractor) with whom the subcontractor claimant has contracted, and particularly to enable him, in the majority of cases, to retain whatever money may be due the contractor and to apply it to the payment of the lien claimed.

■ Actual notice does not serve as a substitute for the required statutory notice. Therefore, the perfected lien of the mechanic or materialman does not depend on the knowledge of the owner, but on whether the mechanic or materialman has followed the requirements of the statute as to notice and as to the filing of the statement required by the statute. The knowledge or the lack of knowledge by the owner is immaterial. *Powers v. Brewer*, 238 Ky. 579, 38 S.W.2d 466 (1931). We observe, however, that when the filing of a lien is almost simultaneous with the furnishing of the written prelien notice, an identifiable purpose may not manifest itself. This, however, is the extreme situation.

We find no compelling reason to adopt new law or reinterpret Kentucky's mechanic's lien statutes. Kentucky law relative to the acquisition, perfection and enforcement of mechanic's liens is both established and grounded in public policy.

■ Appellant contends that for purposes of the mechanic's lien statute, a general contractor is the agent of the owner as a matter of law and therefore prelien notice is not required. Kentucky authority is not cited as there is none, and we decline to adopt such other authority which appellant

cites in support of his "hire the people for me" theory. Appellant's argument is thus so since it did not send the owner a prelien notice. KRS 376.010(3). Only if the subcontractor dealt directly with the owner or its agent is appellant exempt from the prelien notice requirement.

■ Agency continues to be a question of fact to be determined from the circumstances and the conduct of the parties. *Crump v. Sabath*, 261 Ky. 652, 88 S.W.2d 665 (1935). Summary judgment was, therefore, improper as a material question of fact, as to agency, existed. *Steelvest, Inc. v. Scansteel Service Ctr.*, Ky., 807 S.W.2d 476 (1991).

Appellant's argument, while appealing, is not persuasive and his reliance upon "liberal construction" decisions including *Campbell & Summerhays, Inc. v. Greene*, Ky., 381 S.W.2d 531 (1964), and upon *Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F.Supp. 1371 (W.D.Ky.1987), is clearly distinguishable. The former case did not address the relationship between the owner and the general contractor and the latter case determined that the mechanic's lien statute did not bar recovery by an unpaid subcontractor for unjust enrichment.

■ We hold a general contractor is not deemed the agent of a property owner as a matter of law. It was stated that "in determining whether one is an agent or servant or an independent contractor, substance prevails over form, and ... the main dispositive criterion is whether it is understood that the alleged principal or master has the right to control the details of the work." *United Engineers and Constructors, Inc. v. Branham*, Ky., 550 S.W.2d 540 (1977); *Harmount & Woolf Tie Co. v. Baker*, 251 Ky. 795, 66 S.W.2d 45 (1933); and *Guarantee Electric Co. v. Big Rivers Electric Corp., supra.*

■ Appellant states that the provisions of KRS 376.010(4) provides that a contractor or subcontractor cannot be the authorized agent under this subsection so as to dispense with prelien notice, and that the omission of such provision from Subsection (3) implies that the reverse conclusion is true therein. We simply believe that there is no implication of agency attached to the omission and that a question of agency is a factual one. When the contractor is not the agent of the owner, the acquisition and perfection of a lien must be considered in light of the two separate statutes, KRS 376.010(3) and KRS 376.080(1), and the timely application of the two separate time periods provided therein. It is not sufficient, as appellant urges, to simply hold that one filing and mailing within the proper time limit satisfies the legal/statutory notice requirements.

The two types of notices enunciated in both statutes are clearly distinct. KRS 376.010(3) enunciates that a mechanic's lien will not be acquired unless the claimant, within 120 days after the last item of material and labor is furnished, gives notice to the owner of the property of its intent to hold the property liable and the amount for which a lien will be claimed (the statute provides a different time limit on claims of less than $1,000 and on claims exceeding $1,000). KRS 376.080(1) enunciates that the lien acquired pursuant to KRS 376.010 will be dissolved unless the claimant, within six months after it ceases to furnish material and labor, files a copy of its statement of mechanic's lien in the office of the county clerk of the appropriate county and sends a copy of the statement to the property owner within seven days of the filing.

Neither statute provides that a notice given pursuant to one statute will satisfy the notice requirement of the other statute. *Laferty, supra*, provides the basic purpose for the prelien notice to the owner requirement. *See also Haynie v. Benton*, Ky., 258 S.W.2d 488 (1953). The statutes and the case law make it amply clear that separate notices are required. Reference is made to the proper notices in *Woodson Bend, Inc. v. Masters' Supply, Inc.*, Ky. App., 571 S.W.2d 95 (1978). The factor remains that there must be an interval between these two distinct types of notices, with the one being sent before the lien statement is filed, and one to be sent after the lien statement is filed. While it may be argued that the mechanic's lien statutes

may be liberally construed, we recognize, as did the Court of Appeals, that the better rule is to require strict adherence to the statutory provisions for perfecting a lien. *Hub City Wholesale Electric, Inc. v. Mik-Beth Electrical Co.*, Ky.App., 621 S.W.2d 242 (1981). A liberal construction is held to be inapplicable to mandatory provisions for perfecting a lien. The lien law confers a right in derogation of common law and all steps prescribed by statute to perfect such lien must be followed, and in that respect, the statutes are to be strictly construed and applied. It is acknowledged that in order to carry out the remedial purpose of the mechanic's lien law, a liberal construction should be given to the statute, and the courts have so held; but, the principle that the statute is to be liberally construed does not mean that its provisions can be ignored. *Powers v. Brewer, supra.* Remedial purposes aside, a liberal construction is held inapplicable to mandatory provisions for perfecting a lien. *Hub City, supra.*

The opinion of the Court of Appeals is affirmed. The case is remanded to the circuit court for further proceedings consistent with this opinion, including trial upon the issue raised in the amended complaint.

All concur.