SCHUMACHER ELECTRIC,
INC., Appellant,

v.

Carol DeBRUYN, Michael DeBruyn, Gerald Welvaert, Monarch Development Co., Inc., and United States of America Internal Revenue Service, Appellees.

No. 98–786.

Supreme Court of Iowa.

Nov. 17, 1999.

Joseph H. Laverty and Linda J. Messer of Pastrnak Law Firm, Davenport, for appellant.

David A. Millage of Gosma & Gallagher, P.L.C., Davenport, for appellees.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, SNELL, and TERNUS, JJ.

SNELL, Justice.

Schumacher Electric, Inc. filed an action to foreclose its mechanic's lien. The district court granted a summary judgment motion filed by the owner of the property on which the lien was asserted. We affirm.

## I. Background Facts and Proceedings

Carol DeBruyn is the record titleholder of Lots 1, 2, and 3 of the North Brady Industrial Park Addition to Scott County, Iowa. On April 5, 1996, she and Michael DeBruyn borrowed $112,500 from the First Central State Bank and Trust Company, executing a deed of trust to the bank as security. The money was used to construct a building on the real estate. The bank recorded its deed of trust.

The DeBruyns hired Monarch Development Company Inc., owned by Gerald Welvaert, as the general contractor for construction of the building and other improvements. Monarch then subcontracted all electrical work to Schumacher Electric, Inc. Schumacher completed its work sometime between November 12, 1996 and December 31, 1996, and billed Monarch for $11,216.36. Monarch failed to pay the bill, so Schumacher recorded its mechanic's lien as to the three lots on February 27, 1997. The lien listed Welvaert and Monarch as the property owner.

Schumacher then filed a petition to foreclose its mechanic's lien on July 2, 1997. The petition named the DeBruyns, Welvaert, Monarch, First Central, and the IRS as defendants, and sought an unpaid principal balance of $11,050.60 plus interest, costs and attorney fees, as well as a determination of the priority of its lien. Both sides filed motions for summary judgment.

Following a hearing, the district court denied Schumacher's motion for summary judgment and granted the defendants' motion. The court ruled Schumacher failed to perfect its lien under Iowa Code section 572.8 (1997) because it mistakenly listed the general contractor rather than Carol DeBruyn as the property owner. The court rejected Schumacher's claim that the general contractor could be construed as the "owner's agent" for purposes of section 572.8. The court found the general contractor's authority to solicit bids and hire and fire subcontractors was not sufficient to establish an agency relationship. The court therefore granted summary judgment for the DeBruyns and dismissed the mechanic's lien as to them. The court further determined First Central's lien was superior in priority to any lien by Schumacher and granted summary judgment for First Central. Plaintiff Schumacher appealed and subsequently dismissed First Central.

Schumacher contends the district court erred in ruling the general contractor was not the owner's agent for purposes of section 572.8 and therefore it erred in ruling the mechanic's lien was not properly perfected. It argues the agency question was a factual one and not appropriate for summary judgment disposition. It also maintains that there was a genuine issue of material fact as to whether the lien was timely filed.

## II. Scope of Review

 An action to enforce a mechanic's lien is in equity. Iowa Code · § 572.26. Normally our review is de novo. Iowa R.App. P. 4; *Ringland–Johnson–Crowley Co. v. First Cent. Serv. Corp.*, 255 N.W.2d 149, 151 (Iowa 1977). In this case, however, we are reviewing a grant of summary judgment. Summary judgment will be affirmed when the moving party has shown no genuine issues of material fact exist and the party is entitled to judgment as a matter of law. *Marcus v. Young*, 538 N.W.2d 285, 287 (Iowa 1995). When examining whether a genuine issue of fact exists we ordinarily view the evidence and record in the light most favorable to the nonmovant. *Id.*

 Here, the initial question is whether for purposes of foreclosing a mechanic's lien under Iowa Code section 572.8(3), jurisdiction of the owner of the realty can be obtained by naming the general contractor as agent. Our role then, is to decide as a matter of law if this can be done. Thus, we review the district court's ruling on error. *Marcus*, 538 N.W.2d at 287. In doing so, we are aware that a mechanic's lien is purely statutory in nature and is liberally construed to promote restitution, the prevention of unjust enrichment, and to assist parties in obtaining justice. *Carson v. Roediger*, 513 N.W.2d 713, 715 (Iowa 1994).

## III. Analysis

Iowa Code section 572.8 states:

A person shall perfect a mechanic's lien by filing with the clerk of the district court of the county in which the building, land, or improvement to be charged with the lien is situated a verified statement of account of the demand due the person, after allowing all credits, setting forth:

1. The time when such material was furnished or labor performed, and when completed.

2. The correct description of the property to be charged with the lien.

3. The name and last known mailing address of the owner, agent, or trustee of the property.

Upon the filing of the lien, the clerk of court shall mail a copy of the lien to the owner, agent, or trustee. If the statement of the lien consists of more than one page, the clerk may omit such pages as consist solely of an accounting of the material furnished or labor performed. In this · case, the clerk shall attach a notification that pages of accounting were omitted and may be inspected in the clerk's office.

Schumacher claims the facts show the general contractor was acting as the owner's agent and that naming Monarch Development Company and Gerald Welvaert, the general contractor, as the owner sufficed to obtain jurisdiction of the DeBruyns under section 572.8. He sought to establish this through testimony of Michael De-Bruyn and Gerald Welvaert. That testimony, by deposition, showed that the general contractor had authority to take bids and to hire and fire subcontractors. Welvaert testified he hired them outright and did not get authority from Michael De-Bruyn. He also stated that he paid $5000 to Schumacher for rough in work and knew that additional money was owed.

 Schumacher believes that this evidence establishes Monarch Development and Welvaert as agents of DeBruyns. We find the evidence falls far short of resulting in an agency relationship.

There is a dearth of authority to support Schumacher's theory. Reliance is primarily on *Love Bros., Inc. v. Mardis,* 189 Iowa 350, 176 N.W. 616 (1920). Although the case holds the owner liable for a contractor's work, the case analysis does not lead to the result argued by Schumacher.

In *Love,* the plaintiff, Love Bros., Inc., entered into a contract with Mardis, the general contractor, to furnish material and labor in the erection of stairways and elevators. The contract was entered into by Mardis in his own name and not in the name of any principal. At this time the plaintiff supposed it was dealing with Mardis as a contractor. Later, it discovered the terms of a contract between Mardis and the Iowa Congregational Hospital Association of Des Moines, Iowa, that owned the land on which it was erecting a hospital. Plaintiff sued the Hospital Association as its principal debtor and filed a mechanic's lien.

The result reached by our court turned on the terms of the contract between Mardis, the contractor, and the Hospital Association. In it, Mardis was constituted the agent of the Hospital Association for the purpose of employing all labor and purchasing all material to be used in the performance of the contract. All of the contracts of employment and purchases were subject to the approval of the building committee of the Hospital Association. They were submitted to the building committee of the Hospital Association in advance of their execution and were approved according to the original contract. The contract was a "percentage contract" whereby Mardis agreed to construct the building for actual cost plus a profit of ten percent. We also noted that the contractor was forbidden to purchase any materials on the owner's account until price and quantity had been approved by the owner.

We concluded that by the terms of the contract itself, the parties clearly intended that Mardis act as the agent of the Hospital Association in carrying out the terms of the contract. The Hospital Association regularly approved of Mardis making contracts in his own name as a way of getting more beneficial contracts. We held an agency relationship was clearly established by the terms of the contract and by the performance of Mardis and the Hospital Association in ordering and paying for construction material.

There is no similar scenario in the case at bar. No agency relationship is shown by any contract. The deposition testimony does not prove or even intimate that an agency was intended between DeBruyn and the general contractor.

In a case similar to the case at bar, the subcontractor failed to give the required statutory notice to the owner. *Middletown Eng'g Co. v. Main Street Realty, Inc.,* 839 S.W.2d 274, 275 (Ky.1992). Addressing the purpose of notice the Kentucky court said:

> The purpose of the required notice to the property owner is to so inform the owner of both the nature and the amount of the claim in order that he may protect himself in his future dealings with the person (general contractor) with whom the subcontractor claimant has contracted, and particularly to enable him, in the majority of cases, to retain whatever money may be due the contractor and to apply it to the payment of the lien claimed.

*Id.*

In *Middletown,* the subcontractor contended that for purposes of the mechanic's lien statute, a general contractor is the agent of the owner as a matter of law and therefore prelien notice is not required. Rejecting this idea, the Kentucky court found "liberal construction" decisions to be inapplicable and held that a general contractor is not deemed the agent of a property owner as a matter of law.

Schumacher argues that a jury issue on the agency question is presented so that summary judgment for the DeBruyns constitutes legal error.

Summary adjudication is appropriate only when the movant shows through pleadings, affidavits, and discovery that there is no genuine issue of any material fact. *Fell v. Kewanee Farm Equip. Co.,* 457 N.W.2d 911, 916 (Iowa 1990). In considering motions for summary judgment, the district court is required to view the record in a light most favorable to the nonmovant. *Anita Valley, Inc. v. Bingley,* 279 N.W.2d 37, 40 (Iowa 1979). We review with the same principles utilized by the trial court, and consider the entire record to determine the existence of a genuine issue of material fact and whether the law was correctly applied. *Adam v. Mount Pleasant Bank & Trust Co.,* 355 N.W.2d 868, 872 (Iowa 1984).

*Smith v. Air Feeds, Inc.,* 519 N.W.2d 827, 830 (Iowa App.1994).

Applying our summary judgment principles we find there is no genuine issue of material fact on the question of agency that should be submitted to a jury. The issue here is a matter of law for the court to decide. We hold as did the district court that naming the general contractor as the owner did not perfect a mechanic's lien against the DeBruyns, the true owners, on a theory of agency under Iowa Code section 572.8. The district court correctly granted the owners' motion for summary judgment.

Because of our disposition, we do not address the question raised as to the filing of the mechanic's lien within the statutory time.

**AFFIRMED.**