Irvin BROCK, Appellant

v.

PILOT CORPORATION, Appellee.

No. 2006–CA–001498–MR.

Court of Appeals of Kentucky.

Sept. 7, 2007.

Gerald L. Greene, Pineville, KY, for Appellant.

David J. Kellerman, Louisville, KY, for Appellee.

Before THOMPSON and VANMETER, Judges; PAISLEY,[1] Senior Judge.

## OPINION

THOMPSON, Judge.

Irvin Brock filed this action against Pilot Corporation seeking to recover $16,200 based on unjust enrichment and a mechanic's lien filed pursuant to KRS 376.010(3). The trial court granted summary judgment to Pilot and this appeal followed. We find that there is no genuine issue of material fact and that, as a matter of law, Pilot was entitled to a judgment in its favor.

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

In August 2005, Pilot entered into a contract with Munlake Contractors Inc. to construct a Pilot Food Mart in Middlesboro, Kentucky. Munlake subcontracted with Young Earthmoving Company to perform the excavation work on the property. Young then subcontracted with Brock to haul excavated material from the property. Brock last worked on the property on September 27, 2005.

Young failed to pay Brock for the work performed on Pilot's property; Brock, however, did not pursue collection against Young, rather, on March 9, 2006, Brock gave Pilot written notice of his intent to file a lien on Pilot's property. That same day, Brock filed a mechanic's and materialman's lien for $16,260 against the property. On March 27, 2006, Brock filed this action naming Pilot as the sole defendant.

On June 21, 2006, Brock filed a motion for summary judgment which was scheduled for a hearing on July 10, 2006. In support of his motion, Brock filed the affidavit of Justin Young, the owner of Young Earth Moving. Young stated that he hired Brock and that he last worked on September 27, 2005, and that he failed to pay Brock $16,260 for his work. He further stated that Joe Weivle, an employee of Munlake, was in charge of the project.[2]

On July 7, 2006, Pilot filed its response entitled: "Memorandum in Opposition to Irvin Brock's Motion for Summary Judgment and In Support of Pilot's Motion for Summary Judgment." Pilot specifically requested that the court deny Brock's motion for summary judgment and that it "enter summary judgment in favor of Pilot pursuant to CR 56" In support of its motion, Pilot filed the affidavit of its construction manager who supervised the project, Michael Hamil, which stated that Pilot

paid Munlake all sums due under the contract. The trial court heard arguments from both parties and, on July 18, 2006, denied Brock's motion and granted Pilot's motion for summary judgment.

Brock's initial contention of error is stated in his brief as follows:

SUMMARY JUDGMENT FOR PILOT WAS IMPROPER; *PILOT NEVER FILED A MOTION FOR SUCH RELIEF*

After a review of the record, it is apparent that Brock has misstated the procedural history. As evidenced by the document filed on July 7, 2006, Pilot filed a motion for summary judgment with an accompanying memorandum and supporting affidavit. Thus, this is not the case where the trial court *sua sponte* granted summary judgment and, therefore, a discussion of the cases cited by Brock is unnecessary.

 We would be inclined to agree with Brock that he was given insufficient notice of Pilot's motion filed just three days before the hearing if there was a proper objection made to the trial court. The requirement that a party be given ten days to respond to a motion for summary judgment is mandatory, "unless waived." *Storer Communications v. Oldham County*, 850 S.W.2d 340, 342 (Ky.App.1993); CR 56. Brock has failed to cite any place in the record where he objected to the court's consideration of Pilot's motion. CR 76.12(4)(c)(v). Our review of the record did not reveal any such objection, and therefore, we deem it waived.

 We agree with the trial court that Pilot was entitled to summary judgment as a matter of law. Summary judgment is appropriate when it appears that it

---

**2.** Throughout the record, Weivle and Wieble are used interchangeably to refer to the same person.

would be impossible for the non-moving party to produce evidence at trial warranting judgment in his favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky.1991). The party opposing the summary judgment must present affirmative evidence supporting his claim to defeat a properly supported motion for summary judgment. *Id.* at 481.

▪▪▪ In support of its motion for summary judgment, Pilot filed Hamil's affidavit stating that it paid Munlake for Brock's work. To recover pursuant to the equitable theory of unjust enrichment, Brock must demonstrate that Pilot not only benefited from his efforts but also that Pilot did not pay any person for the work Brock performed. *Dirt & Rock Rentals v. Irwin & Powell Const.*, 838 S.W.2d 412, 414 (Ky. App.1992); *Guarantee Electric Co. v. Big Rivers Electric Corp.*, 669 F.Supp. 1371, 1381 (W.D.Ky.1987). Contrary to Brock's attempt to persuade this court otherwise, Hamil's affidavit is not inconsistent with his deposition testimony. His deposition only confirmed that he knew that Brock had filed a lien on Pilot's property; his affidavit, however, stated that Munlake was fully paid for the improvements to the property, including the hauling of excavated materials. As a matter of law, Brock's unjust enrichment claim is precluded.[3]

Finally, we address the issue of the application of the mechanic's lien statute. KRS 376.010(3) states in relevant part:

No person who has not contracted directly with the owner or his agent shall acquire a lien under this section unless he notifies in writing the owner of the property to be held liable or his authorized agent, within seventy-five (75) days

on claims amounting to less than $1,000 and one hundred twenty (120) days on claims in excess of $1,000 after the last item of material or labor is furnished, of his intention to hold the property liable and the amount for which he will claim a lien.

Contrary to the notice provision of the statute, Brock did not notify Pilot of his intention to file a lien until March 9, 2006, more than 120 days after September 27, 2005, the date on which Brock last furnished labor or materials to the Pilot property. Brock contends that such notice was not required because he "dealt with" Munlake which, he alleges, was Pilot's agent.

The statute mandates timely prelien notice to the owner if there is no direct contract between the owner, his agent, and the lien holder. It is undisputed that there was no contract between Pilot and Brock. Moreover, Brock admitted in his deposition that he had no contract with Munlake. However, he contends that Weivle, who he alleges was Pilot's agent, assured him that Pilot would pay him for his work on the project.

▪▪▪ It is well settled that a general contractor is not deemed an agent of a landowner as a matter of law. *Middletown Engineering Co. v. Main Street Realty, Inc.*, 839 S.W.2d 274 (Ky.1992). Conceding this point, Brock contends that there is at least a material issue of fact precluding summary judgment. Where the facts are disputed as to whether an agency relationship exists, summary judgment is inappropriate. *Id.* However, even the evidence cited in support of Brock's contention is contrary to his position.

---

**3.** Curiously, Brock did not attempt to recover the amount due from Young. We decide this case on the basis that the benefit to Pilot was not unjust and, therefore, do not address whether Brock was required to pursue his contract claim against Young prior to filing his unjust enrichment claim against Pilot. *See Guarantee Electric Co.*, 669 F.Supp. at 1381.

Citing the Restatement of the Law, Agency Section 220(2), in *Sam Horne Motor & Implement Co. v. Gregg*, 279 S.W.2d 755, 757 (Ky.1955), the court set forth the factors to be considered in determining whether one acting for another is a servant or an independent contractor:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer; and

(i) whether or not the parties believe they are creating the relationship of master and servant.

Brock contends that Hamil's deposition testimony is evidence that an agency relationship existed between Pilot and Munlake. However, the referenced testimony established that, in fact, Pilot did not make daily decisions on the job site and that Munlake provided the tools and workers for the job. There is no evidence in the record to support Pilot's contention that Munlake was Pilot's agent. Since there was no direct contract between Brock and Pilot or any of its agents, the prelien notice was untimely.

Based on the forgoing the summary judgment is affirmed.

ALL CONCUR.