**PRODIGY CONSTRUCTION CORPORATION, INC.,**
Appellant

v.

**BROWN CAPITAL, LTD.; and Noltemeyer Capital, Ltd., d/b/a Brown Noltemeyer Co., Appellees**

NO. 2014-CA-001668-MR, NO. 2015-CA-000795-MR

Court of Appeals of Kentucky.

AUGUST 4, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: D. Sean Nilsen, Louisville, Kentucky.

BRIEFS FOR APPELLEES: Cathy S. Pike, A. Andrew Draut, Louisville, Kentucky.

BEFORE: DIXON, J. LAMBERT, AND MAZE, JUDGES.

## OPINION

LAMBERT, J., JUDGE:

Prodigy Construction Corporation, Inc., appeals from the Jefferson Circuit Court's order granting summary judgment to Brown Capital, Ltd., and Noltemeyer Capital, Ltd., doing business as Brown Noltemeyer Company, as well as a subsequent order releasing Brown Noltemeyer's bond. We affirm.

The facts and procedural history are well known to the parties and will be repeated only as is necessary to the understanding of this opinion. We begin with a recitation of the circuit court's findings of fact, with references to other parties not included in this appeal omitted for simplicity's sake:

> Brown Noltemeyer is the owner of certain real property and improvements, located at 4840 Outer Loop, Louisville, Kentucky (the "Property"). The Property, which formerly housed a Wal-Mart store, was leased by Brown Noltemeyer to New Vision Ministry Center, Inc. ("New Vision"), as tenant under a Lease Agreement dated March 26, 2009. After entering into the Lease Agreement with Brown Noltemeyer, New Vision apparently entered into one or more contracts with contractors and/or subcontractors for modifications of the Property to enable it to be used as a church facility (the "Project"). Prodigy was the contrac-

tor in charge of the Project. Construction commenced. Due to financial difficulties, New Vision did not complete the lease term and is no longer located at the Property. New Vision subsequently defaulted under the Lease.

On or about September 13, 2010, Prodigy filed a foreclosure Complaint against New Vision, Brown Noltemeyer and several subcontractors who asserted claims against New Vision and/or mechanics' liens against the Property.... On or about September 14, 2010, New Vision filed Chapter 7 bankruptcy proceedings with the United States Bankruptcy Court for the Western District of Kentucky. In the bankruptcy proceeding, the trustee sold a substantial portion of the property upon which Prodigy relies as the basis for its lien against Brown Noltemeyer (the "Demised Property"). Prodigy did not object to the sale of this property or make any effort whatsoever to recover from New Vision. Brown Noltemeyer ultimately regained possession of the Demised Property, listed the property for sale and entered into a sales contract. The Demised Property is under contract and being sold to Wal-Mart, who intends to demolish the building located on the Property, and is not using any of the alleged improvements made by Prodigy.

. . . .

Brown Noltemeyer ... makes a Motion for Summary Judgment against Prodigy, arguing that Prodigy has not perfected its lien, in that it does not comply with the requirements of [Kentucky Revised Statute] KRS 376.080 and *Hub City Wholesale Electric, Inc. v. Mik–Beth Electrical Co.*, 621 S.W.2d 242, 243-44 (Ky. App. 1981); and that Prodigy cannot recover under the theory of *quantum meruit*, as the elements to recover under that theory cannot be met by Prodigy as a matter of law, and the terms of the Lease Agreement between Brown Noltemeyer and New Vision render any recovery under the theory of *quantum meruit* inapplicable.

Prodigy responds that, under [Kentucky Rule of Civil Procedure] CR 43.13, affidavits are allowed to be sworn or "affirmed," and not simply sworn, in order to be accepted by the Court; and that the statement was actually sworn, as the phrase "in testimony thereof" is in the body of the lien and should be construed as being sworn thereto. Prodigy also argues that *Hub City* is distinguishable and is not applicable to the facts in this case. Prodigy also argues that it provided valuable services, in that its work allowed Brown Noltemeyer to obtain a certificate of occupancy and otherwise lease the premises; that it did work on Brown Noltemeyer's property; that the services were received on the Brown Noltemeyer property; that it did so expecting to be paid by Brown Noltemeyer, by virtue of the New Vision Lease; and that Prodigy expected to be paid by Brown Noltemeyer, as the tenant was acting as the landlord's authorized agent.

The Court thereafter referred the matter to the Master Commissioner, who held a hearing on the motions on or about October 1, 2013. By Master Commissioner's Report, dated January 27, 2014, the Master Commissioner recommended ... that the Court conclude that the mechanic's lien law, pursuant to KRS Chapter 376, does not apply. By Supplemental Report, dated January 29, 2014, the Master Commissioner tendered an order in conformity with the recommend[ed] findings from the January 27, 2014, report.

Prodigy timely filed an objection to the Master Commissioner's Report and Supplemental Report and Order, arguing

that the Statement of Lien is a valid and enforceable lien that has been perfected, pursuant to KRS 376.010; that the Kentucky cases cited by Brown Noltemeyer do not apply and do not control the situation in the case at bar; that Prodigy's lien fully complies with CR 43.13; that it is undisputed that Mr. Bosco was instructed and advised that the Statement of Lien was a sworn statement and he swore or affirmed that he was telling the truth; that Brown Noltemeyer has made a representation in the New Vision bankruptcy proceeding which constitutes a judicial admission that Prodigy had a lien in the amount of $425,150.10 and is estopped from now claiming that Prodigy's lien is not a valid enforceable lien; and that there are numerous material facts that remain in dispute and summary judgment is not appropriate or allowed.

Brown Noltemeyer filed a Response, arguing that Prodigy's Statement of Lien is invalid and unenforceable; that the case law cited by Brown Noltemeyer is both applicable and controlling; and that judicial admissions and estoppel do not apply in this case.

Brown Noltemeyer also timely filed objections to the Master Commissioner's Report and Supplemental Report, arguing that to the extent that the Report states that the Commissioner "recommends against Brown Noltemeyer's summary judgment motion," the Court should conclude that the mechanic's lien law, pursuant to KRS Chapter 376 does not apply, and the Commissioner should "recommend[ ] that the Court grant Brown Noltemeyer's summary judgment motion as to the dissolution of the mechanic's lien claim asserted by Prodigy" [;] that there is no legal basis for finding that *quantum meruit* applies, as no services or materials were furnished to Brown Noltemeyer, no benefit was conferred upon Brown Noltemeyer as a result of the alleged improvements made by Prodigy, and no alleged improvements were accepted by Brown Noltemeyer; that, in the bankruptcy proceeding, the trustee sold a substantial portion of the property upon which Prodigy relies as the basis for its lien against Brown Noltemeyer and Prodigy did not object to the sale of this property or make any effort whatsoever to recover from New Vision; that, based upon the language of the Lease, it is clear that New Vision was not acting as the agent for Brown Noltemeyer, such that Prodigy could reasonably expect to be paid by Brown Noltemeyer; that even if a benefit was conferred under the circumstances, Brown Noltemeyer was not reasonably notified that Prodigy, in performing such services, expected to be paid by Brown Noltemeyer; that, in light of the explicit provisions of the Lease, Brown Noltemeyer was not on reasonable notice that Prodigy expected it to pay for improvements which were to be removed from the demised premises at the end of the Lease term; and that Prodigy did not exhaust its remedies against New Vision by participating in or filing a proof of claim in the New Vision bankruptcy proceeding.

(Footnote omitted.) After considering the parties' oral arguments in addition to their written motions, the Jefferson Circuit Court found in favor of Brown Noltemeyer, holding that: (1) the failure of Prodigy's use of the specific language "subscribed and sworn to" in its mechanic's lien proved fatal under the *Hub City* and KRS 376.080 analysis; and (2) Brown Noltemeyer's statements in the New Vision bankruptcy proceedings "did not constitute judicial admissions that would estop Brown Noltemeyer from challenging the enforceability of the lien." *See Reece v. Dixie Warehouse &*

*Cartage Co.*, 188 S.W.3d 440 (Ky. App. 2006). Thus, the circuit court granted Brown Noltemeyer's motion for summary judgment on the issue of the mechanic's lien.

Regarding the *quantum meruit* issue, the circuit court again found in favor of Brown Noltemeyer, holding that Brown Noltemeyer received no benefit from the alleged improvements and that, pursuant to the Lease Agreement, New Vision was required to return the property to its original configuration at the expiration of default of the Lease. The circuit court rejected the Master Commissioner's recommendation in this regard and held that, as a matter of law, Prodigy was unable to recover under the theory of *quantum meruit.*

By order dated October 1, 2014, Prodigy's motion for summary judgment was denied and Brown Noltemeyer's was granted. This forms the basis for Prodigy's first appeal (No. 2014-CA-001668-MR), wherein it argues the same issues, this time couched in terms of whether the trial court was clearly erroneous for so ruling. We disagree.

In Kentucky, liens are created by statute, and therefore the operation, extent, and rights created by the lien must be determined by the language of the statute. "Kentucky adheres to the rule that the statutory provisions for perfecting a lien must be strictly followed." *Laferty v. Wickes Lumber Company*, 708 S.W.2d 107, 108 (Ky. App. 1986) (construing mechanic's lien statutes). Moreover, this Court has specifically rejected arguments that the lien statutes should be liberally construed: "While it may be argued that the mechanic's lien statutes may be liberally construed, we recognize ... that the better rule is to require strict adherence to the statutory provisions for perfecting a lien." *Middletown*

*Engineering Company v. Main Street Realty, Inc.*, 839 S.W.2d 274, 276–77 (Ky. 1992) (construing mechanic's lien statutes).

*3D Enterprises Contracting Corp. v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, 174 S.W.3d 440, 445–46 (Ky. 2005). Prodigy's lien was defective for failing to use the language "subscribed and sworn to" required by KRS 376.080. As noted above, Kentucky case law supports the Jefferson Circuit Court's analysis in this regard. And there was no error in the circuit court's determination that statements allegedly made by Brown Noltemeyer in New Vision's bankruptcy proceedings did not prevent it from challenging the validity of the lien. *Reece, supra* at 448.

We likewise affirm the Jefferson Circuit Court on the issue of *quantum meruit.* Prodigy's alleged improvements did not adhere to Brown Noltemeyer's benefit in any way, shape, or form. It is undisputed that the contract between New Vision and Brown Noltemeyer called for any "alterations, additions and improvements" to be performed at New Vision's "sole cost and expense," and required "[a]ll Tenant improvements" to "be removed upon expiration or default of the Lease and Building restored to its original configuration by Tenant." Thus, not only did Brown Noltemeyer fail to enjoy any alleged improvements, it would have borne the cost of the removal and restoration. Recovery to Prodigy based upon a theory of *quantum meruit* simply did not apply under these facts and circumstances. *Quadrille Bus. Sys. v. Kentucky Cattlemen's Ass'n, Inc.*, 242 S.W.3d 359, 366 (Ky. App. 2007).

Prodigy's second appeal (No. 2015-CA-000795-MR) focuses on the Jefferson Circuit Court's post-judgment ruling (entered on May 11, 2015) releasing the mechanic's lien bond which had been posted

by Brown Noltemeyer (through the Ohio Casualty Insurance Company in the amount of $850,300.20). In this vein Prodigy argues that Brown Noltemeyer's motion to alter, amend, or vacate the judgment was made untimely pursuant to CR 59.05. Because Prodigy had already filed its notice of appeal (on October 13, 2014), it argues that the circuit court lost jurisdiction to rule on Brown Noltemeyer's motion (filed on October 16, 2014, and not ruled on by the circuit court).

Brown Noltemeyer counters that the bond was posted in place of the property upon which Prodigy sought to enforce its lien. After summary judgment was granted to Brown Noltemeyer dissolving Prodigy's lien, Prodigy appealed but did not post a supersedeas bond or request a stay pursuant to CR 62.03(1).[1] Brown Noltemeyer sought to require Prodigy to post a supersedeas bond or to have Brown Noltemeyer's bond released.

Again, we find no error. As we ruled above, the circuit court correctly found that Prodigy's mechanic's lien was unenforceable. "KRS 376.250(4) clearly and unequivocally states that a lien is 'automatically released' if the procedural requirements are not met." *3D Enterprises, supra* at 446. Prodigy's failure to file a supersedeas bond or request a stay entitled Brown Noltemeyer to the release of the bond posted by it. We thus affirm the Jefferson Circuit Court order to that effect.

There are two pending motions filed by Brown Noltemeyer, both of which are deemed moot in light of our holdings here. The motions are denied by separate order.

The judgment and order of the Jefferson Circuit Court are affirmed.

ALL CONCUR.

---

1.  "When an appeal is taken the appellant may stay enforcement of the judgment by giving a supersedeas bond as provided in Rule 73.04. The bond may be given at or after the time of filing the notice of appeal. The stay is effective when the supersedeas bond is approved by the court or the clerk, and the clerk shall give prompt notice of such approval to the party or parties in whose favor the judgment was rendered."