TAYLOR, JUDGE:
David Newman brings this appeal from an Opinion and Order of the Jefferson Circuit Court entered July 16, 2015, and an order entered February 9, 2016, denying Newman's Kentucky Rules of Civil Procedure (CR) 59.05 motion, all of which adjudicated the validity of a judgment lien filed by the Estate of Joseph K. Hobbic, Betty Hobbic, co-administratrix of the Joseph K. Hobbic Estate; and Deanna Mahoney, co-administratrix of the Joseph K. Hobbic Estate (the Estate). We affirm.
On March 13, 2008, after a jury trial, the Estate obtained a judgment against Newman in the total amount of $21,000, with interest of 12 percent per annum and costs.[1] Thereafter, on January 26, 2009, the Estate filed a Notice of Judgment Lien (judgment lien notice) against real property owned by Newman in Jefferson County. The judgment lien was filed in accordance with Kentucky Revised Statutes (KRS) 426.720.[2] The notice of judgment lien identified Newman as the judgment debtor and informed him that the Estate was attaching a judgment lien upon all real property located in Jefferson County that Newman possessed an ownership interest therein.
Subsequently, on July 15, 2009, the Estate filed a complaint for foreclosure in the Jefferson Circuit Court against, inter alios , Newman to enforce its lien claim. The Estate asserted that a valid judgment lien existed upon real property owned by Newman that was located at 6009 Athens Drive, Louisville, Kentucky. The Estate claimed that the 2008 judgment remained unsatisfied and sought to enforce its judgment lien and collect the judgment indebtedness through a judicial sale of the real property.
The Estate eventually filed a motion for summary judgment, again arguing that it possessed a valid judgment lien upon Newman's real property. Thus, the Estate maintained the real property owned by Newman should be sold by the master commissioner to satisfy the 2008 judgment. Newman conversely argued that the judgment lien notice was defective as it failed to strictly adhere to the requirements of KRS 426.720. As such, Newman asserted that the lien was not valid and the Estate *699 was not entitled to enforce its judgment lien against his real property.
By Opinion and Order entered July 16, 2015, the circuit court granted the Estate's motion for summary judgment and order of sale. The circuit court determined that the Estate's judgment lien notice complied with KRS 426.720 and was valid. Newman then filed a CR 59.05 motion to vacate the Opinion and Order. On February 9, 2016, the circuit court entered an Opinion and Order denying the CR 59.05 motion, corrected a clerical error regarding judgment interest, and granted a judgment and order of sale, which was also rendered on this date. This appeal follows.
To begin, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. CR 56. Steelvest, Inc. v. Scansteel Service Center, Inc. , 807 S.W.2d 476 (Ky. 1991). All facts and inferences therefrom are viewed in a light most favorable to the nonmoving party. Id. Additionally, the interpretation of a statute is an issue of law whereupon our review is de novo. Pearce v. University of Louisville , 448 S.W.3d 746 (Ky. 2014). Our review proceeds accordingly.
Newman initially contends that the judgment lien notice was invalid because it failed to strictly comply with the mandates of KRS 426.720. In particular, Newman asserts that the judgment lien notice failed to properly state the interest rate on the judgment, failed to state that court costs were awarded, failed to include the complete text of KRS 427.060, failed to include the "header" of KRS 427.060, and erroneously included an additional sentence not contained in KRS 427.060. As the judgment lien notice did not strictly comply with KRS 426.720, Newman argues that the judgment lien is invalid and not enforceable against his property.
A judgment lien is a statutory creature; its provisions and requirements for perfection are set forth in KRS 426.720,[3] which provides:
A final judgment for the recovery of money or costs in the courts of record in this Commonwealth, whether state or federal, shall act as a lien upon all real estate in which the judgment debtor has any ownership interest, in any county in which the following first shall be done:
(1) The judgment creditor or his counsel shall file with the county clerk of any county a notice of judgment lien containing the court of record entering the judgment, the civil action number of the suit in which the judgment was entered, and the amount of the judgment, including principal, interest rate, court costs, and any attorney fees;
(2) The county clerk shall enter the notice in the lis pendens records in that office, and shall so note the entry upon the original of the notice;
(3) The judgment creditor or his counsel shall send to the last known address of the judgment debtor, by regular first class mail, postage prepaid, or shall deliver to the debtor personally, a copy of the notice of judgment lien, which notice shall include the text of KRS 427.060 and also the following notice, or language substantially similar:
*700 "Notice to Judgment Debtor. You may be entitled to an exemption under KRS 427.060, reprinted below. If you believe you are entitled to assert an exemption, seek legal advice."; and
(4) The judgment creditor or his counsel shall certify on the notice of judgment lien that a copy thereof has been mailed to the judgment debtor in compliance with subsection (3) of this section.
In Kentucky, it is generally understood that "the statutory provisions for perfecting a lien must be strictly followed." Laferty v. Wickes Lumber Co. , 708 S.W.2d 107 (Ky. 1986) (citing Hub City Wholesale Electric, Inc. v. Mik-Beth Electrical Co., Ltd. , 621 S.W.2d 242 (Ky. App. 1981) ).
In its Opinion and Order granting summary judgment, the circuit court recognized that the requirements for perfecting a judgment lien contained in KRS 426.720 must be strictly followed. The court concluded that the alleged deficiencies in the judgment lien notice were merely "a matter of form, not content" and that the Estate strictly complied with KRS 426.720. In particular, the circuit court reasoned:
In examining the deficiencies cited by Newman, the Court concludes that the Estate ... has strictly complied with the statutory provisions of KRS 426.720. The Court finds no significant difference between the "12% from date of judgment" contained in the Notice and "12 percent per annum" contained in the Judgment. The Court finds that lacking "the" and failing to write out "$5,000" in the language of KRS 426.060 strictly complies with the requirement to include this language in the Notice. Furthermore, a statutory header is not the language of a statutory provision.
Admittedly, the Estate did not list an amount for court costs. It has agreed to waive the right to recover these costs. The Court finds that the proper remedy is not to invalidate the entire lien but that the Estate is only entitled to the judgment amount and interest. The Court appreciates Newman's attention to detail but finds the requirements of KRS 426.720 were met.
Opinion and Order at 5. We agree with and adopt the circuit court's reasoning. We would add that the alleged deficiencies in the judgment lien notice were trivial and did not affect perfection of the judgment lien nor notice of same. Simply stated, the Estate strictly complied with the perfection mandates of KRS 426.720. Thus, we conclude that the circuit court properly determined that the Estate's judgment lien notice strictly complied with KRS 426.720.
Newman also asserts that the circuit court erred by holding that a judgment lien may be enforced in Kentucky by judicial sale of the real property encumbered thereby. We disagree.
Kentucky law is clear that a court is empowered to order the sale of real property in an action to enforce a lien. KRS 426.005. The statute reads as follows:
(1) In an action to enforce a mortgage or lien, judgment may be rendered for the sale of the property and for the recovery of the debt against the defendant personally.
(2) In an action to enforce a mortgage or other lien, a sale of the property may be ordered without giving time to pay money or do other act.
Notwithstanding that KRS 426.720 was enacted in 1988, the lien created thereby is an enforceable lien subject to KRS 426.005. See also 3A Robert W. Keats, Kentucky Practice-Real Estate Transactions , § 24:31 (2017); William R. Mapother and Thomas L. Canary, Jr., Kentucky *701 Handbook Series, Kentucky Collections § 13:1 (2017 ed.).
The language of KRS 426.720 also clearly contemplates the judicial sale of the real property subject to a judgment lien. The statute specifically provides that the judgment debtor must be informed that he may be entitled to a homestead and/or burial plot exemption per KRS 427.060. These exemptions are applicable only if the real property were being sold to satisfy the judgment lien.
If this Court were to follow Newman's illogical reasoning, a judgment lien could never be enforced in Kentucky. There is absolutely no expression of legislative intent that a judgment lien cannot be enforced like any other properly perfected lien against real property. Consequently, we reject Newman's assertion that the circuit court could not order a sale of his real property to enforce the judgment lien.
In sum, we hold that the circuit court properly rendered summary judgment in favor of the Estate.
For the foregoing reasons, the Opinion and Order of the Jefferson Circuit Court is affirmed.
ALL CONCUR.

This judgment was affirmed by an Opinion of this Court rendered November 20, 2009, in Appeal No. 2008-CA-001130-MR.

Kentucky Revised Statutes (KRS) 426.720 was passed in 1988 by the Kentucky General Assembly and became effective on July 15, 1988. The statute allows a judgment creditor to place a lien against all real property owned by the judgment debtor in the county where the lien is filed. Upon filing the notice of judgment lien in the county clerk's office, the lien automatically attaches to all real property owned by the debtor in the county where filed.

KRS 426.720 was amended effective June 25, 2013; however, in this case, the prior version, effective July 15, 1988, and in effect when the judgment lien was created is controlling. The prior version is set forth above in its entirety.